

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLSA DOLGENCORP, INC. AND
DOLLAR GENERAL CORPORATION

MDL Docket No. _____

## MOTION TO TRANSFER AND CONSOLIDATE PRE-TRIAL MATTERS PURSUANT TO 28 U.S.C. § 1407 IN THE WESTERN DISTRICT OF OKLAHOMA

Dolgencorp, Inc. and Dollar General Corporation (collectively, "Defendants"), pursuant

to Rule 7.2(d) of the Rules of Procedure of Judicial Panel on Multidistrict Litigation and 28

U.S.C. §1407, hereby move to transfer and consolidate pre-trial matters relating to the following

cases in the Western District of Oklahoma:

- *Brown v. Dolgencorp, Inc. and Dollar General Corporation,* Civil Action No. 02-C-0673-W in the United States District Court for the Northern District of Alabama (the "Alabama Action");

- *Hunsucker v. Dollar General Corporation et al.*, Civil Action No. CIV-04-00165-R in the United States District Court for the Western District of Oklahoma – Oklahoma City (the "Oklahoma Action");

- *Depasquales v. Dollar General Stores*, Case No. STCV0401315GI in the State Court of Chatham County Georgia in Savannah, Georgia (the "Georgia Action"); and

- *Buckley v. Dollar General Corp*, Case No. C2-04-483 in the United States District

IMAGED JUL 6 '04     OFFICIAL FILE COPY

Court Southern Division of Ohio Eastern Division in Columbus, Ohio (the "Ohio Action").

1.      Currently pending against the Defendants are the above-referenced four actions in which several Dollar General store managers contend that the Defendants owe them overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., because the Defendants allegedly misclassified them as exempt employees under 29 C.F.R. § 541.1(f).

2.      Defendants file this motion in order to secure transfer of these matters to multidistrict litigation.  In support of this motion, Defendants offer the following evidence, which is attached hereto: (A) a schedule of the cases being transferred and the docket sheets associated with same; (B) a copy of the complaint in the Alabama Action; (C) a copy of the complaint filed in Oklahoma Action; (D) a copy of the complaint filed in the Georgia Action, which was a state action that Defendants removed to the Southern District of Georgia; (E) a copy of the Complaint filed in the Ohio Action; (F) a copy of the Order Certifying a Nationwide Class filed in the Alabama Action; (G) the Declaration of Tamera Burleson, with attached summary of the locations of the plaintiffs that opted-into the Alabama Action; (H) relevant excerpts from the U.S. District Caseload Profiles; (I) relevant excerpts from the Statistical Analysis of Multidistrict Litigation 2003 produced by the Judicial Panel on Multidistrict Litigation; and (J) the Declaration of Gara Pryor.

3.      For the reasons set forth more fully in the simultaneously filed memorandum in support, the Western District of Oklahoma is the most appropriate transferee court. The Western District of Oklahoma is the appropriate transferee forum for the Oklahoma, Alabama, Georgia and Ohio Actions because (a) the lawsuits raise common questions of fact and law that are likely to spawn claims in several different districts; (b) the Western District is a convenient location for the parties and witnesses in this matter; and (c) the Western District will promote the just and

efficient conduct of the action.

4.      The Oklahoma, Alabama, Georgia and Ohio Actions purport to represent the same group of individuals with regard to the same claims - in particular, Dollar General store managers who claim that they are owed overtime wages.

5.      The Western District of Oklahoma is the most convenient location for parties and witnesses.   More plaintiffs located in Oklahoma and its contiguous states opted in to the Alabama Action than in any other region.   Documents related to the hours worked (store schedules) by the plaintiffs are located in the stores where the they worked.  All of Defendants' documents related to the payment and employment of the subject plaintiffs in this litigation will be produced through Defendants' attorneys located in Dallas, Texas.  Additionally, because most of the plaintiffs are from Oklahoma and its contiguous states, most of the documents and witnesses (namely, Plaintiffs and their direct supervisors) are located in Oklahoma and its contiguous states.

6.      Further, the Western District of Oklahoma has a shorter median time from filing of cases to the disposition of those cases when compared to other related districts. The Western District has far fewer pending cases than any of the other relevant districts. Additionally, only two (2) multidistrict litigation matters currently are pending in the Western District of Oklahoma. Therefore, transferring this matter to the Western District of Oklahoma will likely result in the discovery issues in this case being resolved more expeditiously than in any of the other related districts.

7.      Accordingly, this Panel should enter an order transferring each of these matters to the Western District of Oklahoma and consolidating them for pre-trial purposes.

8.      Nationwide notice has already issued to the subject class of Dollar General store

**MOTION TO TRANSFER AND CONSOLIDATE PRE-TRIAL MATTERS PURSUANT TO 28 U.S.C. § 1407 IN THE WESTERN DISTRICT OF OKLAHOMA – Page 3**
DALDMS/494286.2

managers pursuant to the Court's Order in the Alabama Action, and to undertake the same notification and discovery process in the Ohio, Oklahoma, and Georgia Actions would be inefficient and would increase the likelihood of inconsistent rulings.

WHEREFORE, for the reasons more fully set forth in the simultaneously filed memorandum in support of this motion, Defendants ask that the Court grant their Motion to Transfer and Consolidate Pre-trial Matters in the Western District of Oklahoma and to grant them such other and further relief to which they may be justly entitled.

Respectfully submitted,

Ronald E. Manthey
Texas State Bar No. 12927400
Joel S. Allen
Texas State Bar No. 00795069

**BAKER & MCKENZIE**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.978.3000
Facsimile: 214.978.3099

ATTORNEYS FOR DEFENDANTS
DOLGENCORP, INC. AND DOLLAR
GENERAL CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLSA DOLGENCORP, INC. AND
DOLLAR GENERAL CORPORATION

MDL Docket No. _____

## MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PRE-TRIAL MATTERS PURSUANT TO 28 U.S.C. § 1407 IN THE WESTERN DISTRICT OF OKLAHOMA

Dolgencorp, Inc. and Dollar General Corporation (collectively, "Defendants"), pursuant

to Rule 7.2(d) of the Rules of Procedure of Judicial Panel on Multidistrict Litigation and 28

U.S.C. §1407, hereby submit this its memorandum in support of their Motion to Transfer and

Consolidate Pre-Trial Matters in the Western District of Oklahoma (the "Motion").

## INTRODUCTION

Currently pending against the Defendants are four actions in which several Dollar

General store managers contend that the Defendants owe them overtime wages under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., because the Defendants allegedly

misclassified them as exempt employees under 29 C.F.R. § 541.1(f):

- *Brown v. Dolgencorp, Inc. and Dollar General Corporation,* Civil Action No. 02-C-

0673-W in the United States District Court for the Northern District of Alabama (the "Alabama Action");

- *Hunsucker v. Dollar General Corporation et al.*, Civil Action No. CIV-04-00165-R in the United States District Court for the Western District of Oklahoma – Oklahoma City (the "Oklahoma Action");

- *Depasquales v. Dollar General Stores*, Case No. STCV0401315GI in the State Court of Chatham County, Georgia in Savannah, Georgia, which Defendants have removed to the Southern District of Georgia (the "Georgia Action"); and,

- *Buckley v. Dollar General Corp*, Case No. 02-04-483 in the United States District Court for the Southern District of Ohio – Eastern Division (the "Ohio Action").

Defendants file this motion to transfer these matters to multidistrict litigation. Attached to the Motion as Exhibit A is a Schedule containing the four actions that Defendants seek to transfer to multidistrict litigation. For the reasons set forth below, the Western District of Oklahoma is the most appropriate transferee court. Accordingly, this Panel should enter an order transferring each of these matters to the Western District of Oklahoma and consolidating them for pre-trial purposes.

## FACTUAL BACKGROUND

### I.    Pending Actions

The plaintiffs in the Alabama, Oklahoma and Ohio Actions purport to assert claims not only on their own behalf, but also on the behalf of other similarly situated individuals. *See* Complaints in Alabama, Oklahoma and Ohio Actions attached to the Motion as Exhibits B, C and E. The plaintiff in the Georgia Action makes the same claims but only on her own behalf. Attached to the Motion as Exhibit D is a copy of the complaint filed in the Georgia Action.

### II.   Nationwide notice has issued in the Alabama Action

By order dated January 12, 2004, the court in the Alabama Action ordered that nationwide notice be issued to all individuals in the affected class. Attached hereto as Exhibit F is a copy of the Order Certifying a Nationwide Class in the Alabama Action. The Court in the

Alabama Action ordered that notice be issued to all persons employed as Dollar General store managers "at any time since March 14, 1999," which is comprised of 21,492 individuals. *Id.* The notices were sent to the nationwide class. The deadline for the class participants to opt-in was May 31, 2004. *Id.*

As of June 4, 2004, 4,943 individuals opted into the Alabama action. 1,510 of the 4,943 individuals who opted in are located in Oklahoma and its contiguous states (747 in Texas; 188 in Oklahoma; 109 in Kansas, 230 in Arkansas, 3 in New Mexico, 4 in Colorado, and 229 in Missouri). Thus, 30% percent of the individuals opting in are located in Oklahoma and its bordering states. Attached hereto as Exhibit G are the Declaration of Tamera Burleson and the attached summary that she prepared that lists, by state, the total number of opt-in plaintiff consents that were filed with the Court in the Alabama Action. The individuals who have opted into the Alabama Action are located in Alabama, Arkansas, Arizona, California, Colorado, Delaware, Florida, Georgia, Hawaii, Iowa, Illinois, Indiana, Idaho, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, Wyoming and Canada.

While the parties have engaged in some limited discovery in the Alabama Action related to the notice issue, no merit-based discovery has occurred.[1]

**III.   The Oklahoma Action**

The Oklahoma Action was filed March 9, 2004, and the parties filed a Joint Discovery Plan and Joint Status Report on June 3, 2004. The parties have not undertaken any discovery in

---

[1] The parties have exchanged initial disclosures and preliminary written discovery, and Defendant has taken the depositions of eight store managers, all of which was related to the court supervised notice issue. Plaintiffs have not taken any depositions.

this matter to date.  However, a case management conference was conducted on June 9, 2004, and the case was stayed pending resolution of this Motion.

## IV.   The Georgia Action

The Georgia Action was filed May 12, 2004.  Defendants filed an answer and pleadings to remove this action to the Southern District of Georgia on June 16, 2004.

## V.   The Ohio Action

The Ohio Action was filed on June 8, 2004.  To date, Defendants have not filed any responsive pleadings in this matter.

## VI.   Activity in the Related District and Multidistrict Courts

When one reviews the statistics that indicate the caseload for the respective districts, it is apparent that the Western District of Oklahoma clearly has the most capacity for the management of a multidistrict matter.   Of the Southern District of Georgia, the Western District of Oklahoma, the Northern District of Alabama, the Southern District of Ohio, and the Middle District of Tennessee,[2] the Western District of Oklahoma had one of the shorter median times from filing to disposition of civil cases in 2003.  *See* attached as Exhibit H the U.S. District Caseload Profile found at http://www.uscourts.gov/cgi-bin/cmsd2003.pl.   Of the relevant districts, The Western District of Oklahoma has the fewest number of pending cases per judgeship (W.D. Oklahoma – 264; S.D. Georgia – 341; N.D. Alabama – 465; S.D. Ohio – 438; M.D. Tennessee – 495).  Only 1% of the civil cases pending in the Western District of Oklahoma are more than three years old.

Additionally, the federal judiciary has applied weights to the cases pending in each district, which reflect the extent to which the cases consume the time of the judges.  The higher

---

[2] Defendants' corporate offices are located in Goodlettsville, Tennessee, in the Middle District of Tennessee. *See* attached hereto as Exhibit J, Gary Pryor Declaration at ¶ 2.

the number is, the more time-consuming the particular docket.  The number that reflects the weighted filings for the Western District is far less than any of the other relevant districts (W.D. Oklahoma – 381; S.D. Georgia – 436; **N.D. Alabama – 602**; S.D. Ohio – 457; M.D. Tennessee – 561).

According to the Statistical Analysis of Multidistrict Litigation 2003 produced by the Judicial Panel on Multidistrict Litigation, the Western District of Oklahoma has only two (2) relatively small multidistrict actions pending at this time.  Attached hereto as Exhibit I are copies of excerpts from the Statistical Analysis.

## VII.   Location of Relevant Documents and Witnesses

All of Defendants' documents related to the payment and employment of the subject plaintiffs in this litigation will be produced through Defendants' attorneys located in Dallas, Texas. *See* Pryor Declaration at ¶ 3.  Additionally, documents related to the hours worked by the plaintiffs (store schedules) are located in the stores where they worked.  Because most of the plaintiffs are from Oklahoma and its contiguous states, most of the documents and witnesses— namely Plaintiffs and their direct supervisors—are located in Oklahoma and its contiguous states. *See* Pryor Declaration at ¶ 2.

## VIII.   Other Considerations

The following are other considerations relevant to the Motion:

a)   Defendants' counsel for all four cases is in Dallas, Texas.

b)   No merit-based discovery has been undertaken in any of the actions.

c)   The recent filing of the Georgia and Ohio Actions indicates that there may be a number of additional related suits that will be brought against Defendants with regard to this issue.

## ARGUMENT AND AUTHORITIES

The Western District of Oklahoma is the appropriate transferee forum for the Oklahoma, Alabama, Georgia and Ohio Actions because (1) the lawsuits raise common questions of fact and law that are likely to spawn claims in several different districts; (2) the Western District is a convenient location for the parties and witnesses in this matter; and, (3) the Western District will promote the just and efficient conduct of the action.

> When civil actions involving one or more common questions of fact pending in different districts, such actions may be transferred to any district for coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation... upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a). Moreover, matters concerning class action, or here, collective action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and to promote judicial efficiency. *See, e.g, In re Piper Aircraft Distribution System Antitrust Litigation,* 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975).

## I.   THE OKLAHOMA, ALABAMA, GEORGIA AND OHIO ACTIONS RAISE COMMON QUESTIONS OF FACT AND LAW

The Oklahoma, Alabama, Georgia and Ohio Actions purport to represent the same group of individuals with regard to the same claims. The FLSA provides for private enforcement of wage and hour violations through its collective action provisions. 29 U.S.C. § 216(b). An employee may proceed collectively on behalf of other employees so long as their job duties are similar, no matter where in the country they work. *Heagney v. European American Bank*, 122 F.R.D 125, 127 (E.D.N.Y. 1988). As articulated above, the plaintiffs in the Alabama, Oklahoma, Ohio actions purport to represent Dollar General store managers in their attempt to obtain pay for

work for which they contend they were not compensated.

## II.    IT IS A CONVENIENT LOCATION FOR THE PARTIES AND WITNESSES IN THIS MATTER

More plaintiffs located in Oklahoma and its contiguous states opted in to the Alabama Action than in any other region.  Further, all of Defendants' documents related to the payment and employment of the subject plaintiffs in this litigation will be produced through Defendants' attorneys located in Dallas, Texas.  Additionally, documents related to the hours worked by the plaintiffs (store schedules) are located in the stores where they worked.  Because most of the plaintiffs are from Oklahoma and its contiguous states, most of the documents and witnesses (Plaintiffs and their direct supervisors) are located in Oklahoma and its contiguous states.  Defendants' corporate witnesses are located in Tennessee, a jurisdiction where none of the cases is currently pending.

## III.   TRANSFERRING THIS MATTER TO THE WESTERN DISTRICT OF OKLAHOMA WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE ACTION

Nationwide notice has already issued to the subject class of Dollar General store managers pursuant to the Court's Order in the Alabama Action.  To undertake the same notification and discovery process in the Oklahoma, Georgia and Ohio Actions would be inefficient and would increase the likelihood of inconsistent rulings.

Further, the Western District of Oklahoma has one of the shortest median times from filing of cases to the disposition of those cases when compared to other related districts.  It has far fewer pending cases than any of the other relevant districts.  Additionally, only two (2) multidistrict litigation matters are currently pending in the Western District of Oklahoma. Therefore, transferring this matter to the Western District of Oklahoma will likely result in the discovery issues in this case being resolved more efficiently and expeditiously than in any of the

other related districts.

## CONCLUSION

For the foregoing reasons, Defendants ask that the Court grant its Motion to Transfer and Consolidate Pre-Trial Matters in the Western District of Oklahoma and to grant them such other and further relief to which they may be justly entitled.

Respectfully submitted,

Ronald E. Manthey
Texas State Bar No. 12927400
Joel S. Allen
Texas State Bar No. 00795069

**BAKER & MCKENZIE**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.978.3000
Facsimile: 214.978.3099

ATTORNEYS FOR DEFENDANTS
DOLGENCORP, INC. AND DOLLAR
GENERAL CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**AMENDED EXHIBIT "A"**

JUL - 2 2004

FILED
CLERK'S OFFICE

Northern District of Alabama, Western Division
*Edith Brown et al. v. Dollar General Stores, LTD., Dolgencorp, Inc. and Dollar*
*General Corporation*
Civil Action No. 02-C-0673-W (Judge U.W. Clemon)
* There are an additional 4,943 unnamed opt-in plaintiffs in this matter.

Western District of Oklahoma, Oklahoma City
*Sheila Ann Hunsucker v. Dolgencorp, Inc. and Dollar General Corporation*
Civil Action No. CIV-04-00165-R (Judge David L. Russell)

Southern District of Georgia, Southern Division
*Tina Depasquales v. Dollar General Corporation*
Civil Action No. CV-404-096 (Chief Judge William T. Moore)

Southern District of Ohio, Eastern Division
*Karen Buckley v. Dollar General Corp.*
Civil Action No. C2-04-484 (Judge Edmund A. Sargus)

RECEIVED
CLERK'S OFFICE
2004 JUL - 1   A 10: 56
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLSA DOLGENCORP, INC. AND
DOLLAR GENERAL CORPORATION

MDL Docket No. _____

## CERTIFICATE OF SERVICE

This is to certify that a notice attaching a true and correct copy of (1) Motion to Transfer

Pretrial Matters Pursuant to 28 U.S.C. § 1407 in the Western District of Oklahoma, (2)

Memorandum in Support of Motion to Transfer Pretrial Matters Pursuant to 28 U.S.C. § 1407 in

the Western District of Oklahoma, and (3) Exhibits, were served upon all counsel of record and

District Clerks via certified mail and/or electronic mail (as required by local court rules) on this

28th day of June, 2004, as follows:

**Plaintiffs: Edith Brown, et al.**
**Represented by:**
Roman A. Shaul, Esq.
Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
272 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160

**United States District Court for the**
**Northern District of Alabama,**
**Western Division**
Office of the Clerk
Hugo L. Black U. S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

**Plaintiff: Sheila Ann Hunsucker**
**Represented by:**
George J. McCaffrey
MCCAFFREY & GIBSON
6301 Waterford Boulevard
Suite 401
Oklahoma City, Oklahoma 73118

Hal K. Gillespie
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

**United States District Court for the**
**Western District of Oklahoma**
Office of the Clerk
200 N.W. 4th Street, Room 1210
Oklahoma City, Oklahoma 73102

**Plaintiff: Tina De Pasquales**
**Represented by:**
Christopher L. Rouse
LEE, BLACK, HART & ROUSE, P.C.
6555 Abercorn Street, Suite 206
Post Office Box 8205
Savannah, Georgia 31412

**United States District Court for the**
**Southern District of Georgia,**
**Savannah Division**
Office of the Clerk
125 Bull Street, Rm 304
Savannah, GA 31401

**Plaintiff: Karen Buckley**
**Represented by:**
Randolph H. Reking
Kelly M. Myers
Tod J. Thompson
Freking & Betz
215 East Ninth Street, Fifth Floor
Cincinnati, Ohio 45202

**United States District Court for the**
**Southern District of Ohio, Eastern**
**Division**
Office of the Clerk
85 Marconi Boulevard, Room 260
Columbus, Ohio 43215

Respectfully submitted,

Ronald E. Manthey
Texas State Bar No. 12927400
Joel S. Allen
Texas State Bar No. 00795069

**BAKER & MCKENZIE**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Telephone: 214.978.3000
Facsimile:  214.978.3099


ATTORNEYS FOR DEFENDANTS
DOLGENCORP, INC. AND DOLLAR
GENERAL CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLSA DOLGENCORP, INC. AND
DOLLAR GENERAL CORPORATION

MDL Docket No. _____

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a Notice attaching a true and correct copy of the Amended Exhibit

"A" to Defendant's Motion to Transfer Pretrial Matters Pursuant to 28 U.S.C. § 1407 in the

Western District of Oklahoma was served upon all counsel of record and District Clerks via

certified mail and/or electronic mail (as required by local court rules) on this 30th day of June,

2004, as follows:

RECEIVED
CLERK'S OFFICE
2004 JUL -1  A 10: 56
PANEL ON
MULTIDISTRICT
LITIGATION

**Plaintiffs: Edith Brown, et al.**
**Represented by:**
Roman A. Shaul, Esq.
Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
272 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160

**United States District Court for the**
**Northern District of Alabama,**
**Western Division**
Office of the Clerk
Hugo L. Black U. S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

**Plaintiff: Sheila Ann Hunsucker**
**Represented by:**
George J. McCaffrey
MCCAFFREY & GIBSON
6301 Waterford Boulevard
Suite 401
Oklahoma City, Oklahoma 73118

Hal K. Gillespie
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

**United States District Court for the**
**Western District of Oklahoma**
Office of the Clerk
200 N.W. 4th Street, Room 1210
Oklahoma City, Oklahoma 73102

**Plaintiff: Tina De Pasquales**
**Represented by:**
Christopher L. Rouse
LEE, BLACK, HART & ROUSE, P.C.
6555 Abercorn Street, Suite 206
Post Office Box 8205
Savannah, Georgia 31412

**United States District Court for the**
**Southern District of Georgia,**
**Savannah Division**
Office of the Clerk
125 Bull Street, Rm 304
Savannah, GA 31401

**Plaintiff: Karen Buckley**
**Represented by:**
Randolph H. Reking
Kelly M. Myers
Tod J. Thompson
Freking & Betz
215 East Ninth Street, Fifth Floor
Cincinnati, Ohio 45202

**United States District Court for the**
**Southern District of Ohio, Eastern**
**Division**
Office of the Clerk
85 Marconi Boulevard, Room 260
Columbus, Ohio 43215

Respectfully submitted,

Ronald E. Manthey
Texas State Bar No. 12927400
Joel S. Allen
Texas State Bar No. 00795069

**BAKER & MCKENZIE**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.978.3000
Facsimile: 214.978.3099


ATTORNEYS FOR DEFENDANTS
DOLGENCORP, INC. AND DOLLAR
GENERAL CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLSA DOLGENCORP, INC. AND
DOLLAR GENERAL CORPORATION

MDL Docket No. _____

## EXHIBITS TO MOTION TO TRANSFER AND CONSOLIDATE PRE-TRIAL MATTERS PURSUANT TO 28 U.S.C. § 1407 IN THE WESTERN DISTRICT OF OKLAHOMA AND MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PRE-TRIAL MATTERS PURSUANT TO 28 U.S.C. § 1407 IN THE WESTERN DISTRICT OF OKLAHOMA

A.  Schedule of Cases Being Transferred and Docket Sheets Associated with Same;

B.  Copy of Complaint in the Alabama Action;

C.  Copy of the Complaint in the Oklahoma Action;

D.  Copy of the Complaint Filed in the Georgia Action;

E.  Copy of the Complaint filed in the Ohio Action;

F.  Copy of the Order Certifying a Nationwide Class filed in the Alabama Action;

EXHIBITS TO MOTION TO TRANSFER AND CONSOLIDATE PRE-TRIAL MATTERS PURSUANT TO 28
U.S.C. § 1407 IN THE WESTERN DISTRICT OF OKLAHOMA SAME AND MEMORANDUM IN SUPPORT
OF SAME
DALDMS/495787.1

G.  Declaration of Tamera Burleson, with attached summary of the locations of the Plaintiffs that opted-into the Alabama Action;

H.  Relevant excerpts from the U.S. District Caseload Profiles;

I.  Relevant excerpts from the Statistical Analysis of Multidistrict Litigation 2003 produced by the Judicial Panel on Multidistrict Litigation; and

J.  Declaration of Gara Pryor.

Respectfully submitted,

Ronald E. Manthey
Texas State Bar No. 12927400
Joel S. Allen
Texas State Bar No. 00795069

**BAKER & MCKENZIE**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Telephone: 214.978.3000
Facsimile:  214.978.3099

ATTORNEYS FOR DEFENDANTS
DOLGENCORP, INC. AND DOLLAR
GENERAL CORPORATION

# EXHIBIT "A"

# EXHIBIT "A"

Northern District of Alabama
*Brown v. Dolgencorp, Inc. and Dollar General Corporation*
Civil Action No. 02-C-0673-W

Western District of Oklahoma
*Hunsucker v. Dollar General Corporation et al.*
Civil Action No. CIV-04-00165-R

Southern District of Georgia
*Tina Depasquales v. Dollar General Corporation*
Civil Action No.  CV-404-096

Southern District of Ohio
*Karen Buckley v. Dollar General Corp.*
Civil Action No.  C2-04-484

Docket as of June 8, 2004 7:04 pm                    Web PACER (v2.3a-EDLA)

# U.S. District Court
## USDC for the Northern District of Alabama (Western)

## CIVIL DOCKET FOR CASE #: 02-CV-673

### Brown, et al v. Dollar Gen Stores, et al

Filed: 03/14/02
Assigned to: Chief Judge U W Clemon
Jury demand: Plaintiff
Demand: $0,000
Nature of Suit: 710
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 29:0201 Fair Labor Standards Act

---

EDITH BROWN, On behalf of
herself and others similarly
situated; class certified on

01/12/04, by order doc #135,
an opt-in class consisting of
all persons who have, at
anytime since March 14, 1999,
worked for Dollar General Corp,
as set out in order
    plaintiff

      v.

DOLLAR GENERAL STORES, LTD.
    defendant

Jere L Beasley
1-334-954-7555 fax
[COR]

W Daniel Miles, III
1-334-954-7555 fax
[COR]
Roman A Shaul
1-334-954-7555 fax
[COR]
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
PO Box 4160
Montgomery, AL 36103-4160
1-334-269-2343

Ronald E Manthey
1-214-978-3099 fax
[COR]
Joel S Allen
1-214-978-3099 fax
[COR]
BAKER & MCKENZIE
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
1-214-978-3000
Keith D Frazier
1-615-254-1908 fax
[COR]
OGLETREE DEAKINS NASH SMOAK &
STEWART
Suntrust Center, Suite 800
424 Church Street

Nashville, TN 37219
1-615-254-1900
Jacqueline C Johnson
1-214-880-0181 fax
[COR]
LITTLER MENDELSON
Suite 2600, Lock Box 116
2001 Ross Avenue
Dallas, TX 75201-2931
1-214-880-8100
J Trent Scofield
328-6000 fax
[COR]
OGLETREE DEAKINS NASH SMOAK &
STEWART PC
One Federal Place, Suite 1000
1819 5th Avenue, North
Birmingham, AL 35203
328-1900

LENORA YOUNG
    plaintiff
[term  11/26/02]

Roman A Shaul
 [term  11/26/02]
1-334-954-7555 fax
[COR]
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
PO Box 4160
Montgomery, AL 36103-4160
1-334-269-2343

TOM STRAUB
    plaintiff
[term  11/26/02]

Roman A Shaul
 [term  11/26/02]
(See above)
[COR]

SHANNON M KIRBY
    plaintiff
[term  11/26/02]

Roman A Shaul
 [term  11/26/02]
(See above)
[COR]

  v.
DOLGENCORP, INC
    defendant

Ronald E Manthey
1-214-978-3099 fax
[COR]
Joel S Allen
1-214-978-3099 fax
[COR]
BAKER & MCKENZIE
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
1-214-978-3000
Keith D Frazier
1-615-254-1908 fax
[COR]
OGLETREE DEAKINS NASH SMOAK &
STEWART
Suntrust Center, Suite 800
424 Church Street
Nashville, TN 37219
1-615-254-1900
Jacqueline C Johnson
1-214-880-0181 fax
[COR]

LITTLER MENDELSON
Suite 2600, Lock Box 116
2001 Ross Avenue
Dallas, TX 75201-2931
1-214-880-8100
J Trent Scofield
328-6000 fax
[COR]
OGLETREE DEAKINS NASH SMOAK &
STEWART PC
One Federal Place, Suite 1000
1819 5th Avenue, North
Birmingham, AL 35203
328-1900

DOLLAR GENERAL CORPORATION
    defendant

Ronald E Manthey
(See above)
[COR]
Joel S Allen
(See above)
[COR]
Keith D Frazier
(See above)
[COR]
Jacqueline C Johnson
(See above)
[COR]
J Trent Scofield
(See above)
[COR]

# DOCKET  PROCEEDINGS

DATE   #  IMG            DOCKET   ENTRY

3/14/02   1     COMPLAINT filed,  amount paid $ 150.00,  receipt # 200
175947 (dc) [Entry date 03/15/02]

3/22/02   2     AMENDED complaint filed by plaintiff Edith Brown [1-1];
jury demand  filed (ma) [Entry date 03/22/02]

3/26/02   3   REQUEST of plaintiff for service by certified mail filed (dc)
[Entry date 03/26/02]

3/26/02   --   SUMMONS and complaint issued mailed certified mail (dc)
[Entry date 03/26/02]

4/1/02   4   SUMMONS and complaint returned executed: upon defendant
Dollar Gen Stores thru CT Corp, Elaine Ober, on 3/29/02
filed (jlm) [Entry date 04/02/02]

4/18/02   5     UNOPPOSED MOTION by dft to extend time until 5/3/02 to

respond to pla's First Amended Complaint filed cs (dc)
[Entry date 04/19/02]

4/18/02   6   MOTION by dft for attorney Keith D Frazier to appear pro
hac vice as counsel for dft Dollar Gen Stores w/afdt in
support of filed cs (dc) [Entry date 04/19/02]
[Edit date 04/19/02]

4/19/02   --   PRO HAC VICE admission fee  paid on 4/19/02 receipt # 200
177099 (dc) [Entry date 04/19/02]

4/22/02   7   5 - ORDER granting  motion to extend time until 5/3/02
to respond to pla's First Amended Complaint [5-1] ; Notice
of Compliance ddl 5/3/02 ( by Chief Judge U W. Clemon )
entered  cm (dc) [Entry date 04/23/02]

4/22/02   8   6 - ORDER granting  motion for attorney Keith D Frazier
to appear pro hac vice as counsel for dft Dollar Gen Stores
[6-1] ( by Chief Judge U W. Clemon ) entered  cm (dc)
[Entry date 04/23/02]

5/2/02    9   MOTION by dft for attorney Joel S Allen to appear pro hac
vice as counsel for dft w/afdt in support filed cs (dc)
[Entry date 05/03/02] [Edit date 05/03/02]

5/2/02    10   MOTION by dft for attorney Ronald E Manthey to appear pro
hac vice as counsel for dft w/afdt in support filed cs (dc)
[Entry date 05/03/02] [Edit date 05/03/02]

5/3/02    --   PRO HAC VICE admission fee  paid on 5/3/02 receipt # 200
177991 for atty Joel S Allen (dc) [Entry date 05/03/02]

5/3/02    --   PRO HAC VICE admission fee  paid on 5/3/02 receipt # 200
177990 for atty Ronald E Manthey (dc) [Entry date 05/03/02]

5/3/02    11   MOTION by dft to dismiss, or for summary judgment, or,
alternatively to strike pla's First Amended Complaint
w/exhs atta filed cs (dc) [Entry date 05/03/02]

5/3/02    12   9 - ORDER granting  motion for attorney Joel S Allen to
appear pro hac vice as counsel for dft [9-1] ( by Chief
Judge U W. Clemon ) entered  cm (dc) [Entry date 05/06/02]

5/6/02    13   10 - ORDER granting  motion for attorney Ronald E
Manthey to appear pro hac vice as counsel for dft [10-1] (
by Chief Judge U W. Clemon ) entered  cm (dc)
[Entry date 05/07/02]

5/15/02   --   COURT docket (utility event)  Motion docket set for 1:30
p.m., 5/31/02 in Birmingham, Alabama (ds)
[Entry date 05/15/02]

5/17/02   14   OPPOSITION by pla to dft's motion to dismiss [11-1], motion
for summary judgment [11-2], motion to strike pla's First
Amended Complaint [11-3]  filed cs (dc)

[Entry date 05/20/02]

5/17/02   15   DECLARATION of Roman A Shaul by pla in support of pla's
                opposition to dft's motion to dismiss, for sumjgm & to
                strike filed (dc) [Entry date 05/20/02]

5/24/02   16   RESPONSE (Reply) by dft to pla's opposition to dft's motion
                to dismiss, motion for summary judgment, motion to strike
                pla's First Amended Complaint [14-1] w/exh atta filed cs (dc)
                [Entry date 05/28/02]

5/30/02   17   MOTION by pla for leave to add addl dfts filed cs (dc)
                [Entry date 05/31/02]

5/31/02   18   ORDER  granting  motion to dismiss [11-1], [11-2], [11-3]
                dismissing case plas shall have (30) days w/i which to
                amd their complant to add the proper dft; costs taxed as
                paid filed ( by Chief Judge U W. Clemon ) cm (dc)
                [Entry date 05/31/02]

6/6/02   19   SECOND AMENDED complaint filed by pla [2-1], [1-1]; jury
                demand; adding plas Lenora Young, Tom Straub, Shannon M
                Kirby; adding dfts Dolgencorp, Inc, Dollar General Corp
                filed cs (dc) [Entry date 06/07/02] [Edit date 06/07/02]

6/7/02   --   DOCKET modification (utility event), Case reopened (dc)
                [Entry date 06/07/02]

6/7/02   --   SUMMONS and complaint, First Amended complaint & Second
                Amended complaint issued to dfts Dolgencorp Inc, Dollar
                General Corp mailed certified mail (dc)
                [Entry date 06/07/02] [Edit date 06/07/02]

6/11/02   20   SUMMONS and complaint returned executed: upon dft Dollar
                General Corp  on 6/10/02 filed (dc) [Entry date 06/11/02]

6/13/02   21   SUMMONS and complaint returned executed: upon dft Dollar
                General Corp  on 6/11/02 filed (dc) [Entry date 06/13/02]

6/17/02   22   17 -  ORDER granting pla's motion for leave to add addl
                dfts [17-1] ( by Chief Judge U W. Clemon ) entered  cm (dc)
                [Entry date 06/18/02]

6/20/02   23   ANSWER by dfts Dolgencorp, Inc, Dollar General Corp to
                plas' Second Amended complaint filed cs (dc)
                [Entry date 06/20/02]

7/26/02   24   Report of Parties (form 35) of compliance with FRCP 26
                filed (dc) [Entry date 07/26/02]

7/29/02   25   MOTION by plas to amend complaint filed cs (dc)
                [Entry date 07/30/02]

7/30/02   26   ORDER (Scheduling) that the dates agreed to by the parties
                in their Planning Meeting are ADOPTED & binding on the
                parties by Chief Judge U W. Clemon entered cm (dc)

[Entry date 07/30/02]

8/9/02    27    📄    25  -  ORDER granting  motion to amend complaint [25-1] (
by Chief Judge U W. Clemon ) entered  cm (dc)
[Entry date 08/09/02]

10/17/02 28    NOTICE by defendant Dollar Gen Stores  of change of address
of counsel filed (ma) [Entry date 10/21/02]

11/13/02 29    📄    MOTION by dfts Dolgencorp, Inc, Dollar General Corp to
dismiss plas Kirby & Straub's claims against dfts
Dolgencorp Inc & Dollar Gen Corp w/exhs atta filed cs (dc)
[Entry date 11/13/02]

11/15/02 30    📄    JOINT MOTION by parties for Agreed protective order filed
cs [proto atta] (dc) [Entry date 11/15/02]

11/15/02 31    📄    JOINT MOTION by parties to modify scheudling order filed
cs (dc) [Entry date 11/18/02]

11/19/02 32    📄    MOTION by plas to dismiss pla Lenora Young from this
action filed cs (dc) [Entry date 11/19/02]

11/19/02 34    📄    31  -  ORDER granting  motion to modify scheudling order
[31-1]as set out  ( by Chief Judge U W. Clemon ) entered cm
(ma) [Entry date 11/20/02]

11/20/02 33    📄    ORDER  granting  motion for Agreed protective order [30-1]
terms and conditions regarding "confidential materials" as
set out filed ( by Chief Judge U W. Clemon ) cm (ma)
[Entry date 11/20/02]

11/22/02 35    📄    MOTION by plas for order to facilitate nationwide class
notice, or in the alternative for order of partial
notice w/exhs atta filed cs  [filed in expandable folder]
(dc) [Entry date 11/22/02]

11/25/02 36    📄    29  -  ORDER granting  motion to dismiss plas Kirby &
Straub's claims against dfts Dolgencorp Inc & Dollar Gen
Corp [29-1] ( by Chief Judge U W. Clemon ) entered  cm (dc)
[Entry date 11/26/02]

11/26/02 37    📄    32  -  ORDER granting  motion to dismiss pla Lenora Young
from this action [32-1] ( by Chief Judge U W. Clemon )
entered  cm (dc) [Entry date 11/26/02]

11/26/02 --    DOCKET modification (utility event), dismissing plas
Shannon M Kirby, Tom Straub, Lenora Young  pursuant to
11/25/02 Order doc 36, 37 (dc) [Entry date 11/26/02]

11/26/02 38    NOTICE of Consent to become party pla in this action by
Sheryl Adcock cs (dc) [Entry date 11/27/02]

11/26/02 39    NOTICE of Consent to become party pla in this action by

Sandra Rogers cs (dc) [Entry date 11/27/02]

11/26/02 40    NOTICE of Consent to become party pla in this action filed
by Elizabeth Garrett   cs (dc) [Entry date 11/27/02]

11/26/02 41    NOTICE of Consent to become party pla in this action filed
by Clara Burgess cs (dc) [Entry date 11/27/02]

11/26/02 42    NOTICE of Consent to become party pla in this action filed
by Lisa Wiley cs (dc) [Entry date 11/27/02]

11/26/02 43    NOTICE of Consent to become party pla in this action filed
by Gerry Heller cs (dc) [Entry date 11/27/02]

11/26/02 44    NOTICE of Consent to become party pla in this action filed
by Christopher Hudson cs (dc) [Entry date 11/27/02]

11/26/02 45    MOTION by pla for order to facilitate nationwide class
notice pursuant to 29 USC 216(b), or in the alternative
for order that the court issue partial notice filed cs (dc)
[Entry date 11/27/02]

11/26/02 46    MEMORANDUM by plas in suport of motion to facilitate nation
wide class notice, or issue partial notice w/exhs atta
filed cs (dc) [Entry date 11/27/02]

12/5/02  47    NOTICE of Consent to become party pla in this action filed
by Frank Zalman cs (dc) [Entry date 12/05/02]

12/9/02  48    NOTICE of Consent to become party pla filed by David McRae
cs (dc) [Entry date 12/09/02]

12/9/02  49    MOTION by dfts for attorney Jacqueline C Johnson to appear
pro hac vice as counsel for dfts filed cs (dc)
[Entry date 12/10/02]

12/10/02 --    PRO HAC VICE admission fee  paid on 12/10/02 receipt # 200
185434 for atty Jacqueline C Johnson (dc)
[Entry date 12/10/02]

12/11/02 50    49  -  ORDER granting  motion for attorney Jacqueline C
Johnson to appear pro hac vice as counsel for dfts [49-1] (
by Chief Judge U W. Clemon ) entered  cm (dc)
[Entry date 12/12/02]

12/17/02 51    NOTICE of Consent to become party pla filed by Geraldine
Owens cs (dc) [Entry date 12/17/02]

12/17/02 52    NOTICE of Consent to become party pla filed by Morris
Sander  cs (dc) [Entry date 12/17/02]

12/17/02 53    NOTICE of Consent to become party pla filed by Marva
McKinley cs (dc) [Entry date 12/17/02]

12/17/02 54    NOTICE of Consent to become party pla filed by Diana Carter
cs (dc) [Entry date 12/17/02]

12/20/02 55    MOTION by dfts Dolgencorp, Inc, Dollar General Corp to



dismiss w/prej claims by plas Lisa Wiley, Elizabeth
Garrick, Sandra Rodgers w/exhs atta filed cs (dc)
[Entry date 12/20/02]

12/26/02 56   UNOPPOSED MOTION by dfts Dolgencorp, Inc, Dollar General
Corp to modify the Scheduling Order as set out filed cs (dc)
[Entry date 12/27/02]

1/6/03   57   NOTICE of Consent to become party pla filed by Vicki Bailey
cs (dc) [Entry date 01/06/03]

1/6/03   58   56 - ORDER granting dfts unopposed motion to modify the
Scheduling Order extending dfts' ddl to file response to
plas' motion to facilitate Nationwide Class Notice to
1/10/03 [56-1] ( by Chief Judge U W. Clemon ) entered   cm
(dc) [Entry date 01/06/03]

1/8/03   59   MOTION by defendant Dolgencorp, Inc, defendant Dollar
General Corp for order to modify scheduling order to
extend dft's ddl to file response to pla's motion to
facilitate nationwide class notice pursuant to 29 U.S.C.
216(b) or issue partial notice from 1/10/03 to 2/5/03
filed cs (ma) [Entry date 01/13/03]

1/10/03  60   59 - ORDER granting  motion for order to modify
scheduling order to extend dft's ddl to file response to
pla's motion to facilitate nationwide class notice pursuant
to 29 U.S.C. 216(b) or issue partial notice from 1/10/03 to
2/5/03 [59-1] ( by Chief Judge U W. Clemon ) entered   cm (ma)
[Entry date 01/13/03]

1/13/03  61   OPPOSITION by plaintiff Edith Brown to dfts' motion to
dismiss Lisa Wiley, Elizabeth Garrick, Sandra Rodgers with
prejudice [55-1]   filed cs (kc) [Entry date 01/14/03]

1/14/03  62   NOTICE of consent to become party pla filed by Christy Hall
cs (dc) [Entry date 01/15/03]

1/16/03  63   55 - ORDER dfts' motion to dismiss w/prej claims by plas
Lisa Wiley, Elizabeth Garrick, Sandra Rodgers [55-1] is
OVERRULED w/o prej ( by Chief Judge U W. Clemon ) entered
cm (dc) [Entry date 01/17/03]

1/21/03  64   NOTICE of Consent to become party pla by Cathy Barlet filed
cs (dc) [Entry date 01/22/03]

1/27/03  65   NOTICE of consent to become party plat filed by Beryl
Dauzat cs (dc) [Entry date 01/28/03]

1/31/03  66   NOTICE of consent to become party pla by J Ann Kirkham
filed (dc) [Entry date 02/03/03]

2/4/03   67   UNOPPOSED MOTION by dfts Dolgencorp, Inc, Dollar General
Corp for leave to file evidentiary materials under seal
filed cs (dc) [Entry date 02/04/03]

2/5/03   69   RESPONSE by dfts to plas; motion for order to facilitate



nationwide class notice pursuant to 29 USC 216(b) [45-1],
motion for order that the court issue partial notice [45-2]
w/attachment filed cs [bound filed in expandable folder] (dc)
[Entry date 02/06/03] [Edit date 02/06/03]

2/5/03    70    MOTION by dfts to strike portions of the decl of Clara
Burgess, Roman Shaul w/exhs atta filed cs (dc)
[Entry date 02/06/03]

2/5/03    71    MOTION by dfts for partial summary judgment as to claims
by Geraldine Owens, Diana Carter, Marva McKinley w/exhs
atta filed cs (dc) [Entry date 02/06/03]

2/5/03    72    MOTION by dfts for summary judgment against pla Regina
Bruno filed cs (dc) [Entry date 02/06/03]

2/5/03    73    MOTION by dfts for summary judgment against opt-in-pla
Christopher Hudson filed cs (dc) [Entry date 02/06/03]

2/5/03    74    SUBMISSION of discovery (Appendix (3) Vols) by dfts, in
support of their response to plas' motion to facilitate
Nationwide class notice, or in the alternative, issue
partial notice filed cs [filed under seal pursuant to
2/6/03 Order doc 68] [(3) Vols bound] (dc)
[Entry date 02/06/03]

2/6/03    68    67  -  ORDER granting  motion for leave to file
evidentiary materials under seal [67-1] ( by Chief Judge U
W. Clemon ) entered  cm (dc) [Entry date 02/06/03]

2/11/03   75    ORDER (Summary Judgment Scheduling Order) pursuant to the
filing of dfts' 2/5/03 motion for partial summary judgment
as to claims by Geraldine Owens, Diana Carter, Marva
McKinley [71-1] the submission schedule applies as set out
in this Order; affidavits and briefs in opposition shall be
filed w/i (15) days of the date of this Order; movant's
response to opposition ddl (7) days filed ( Chief Judge U
W. Clemon ) cm (dc) [Entry date 02/11/03]

2/11/03   76    ORDER (Summary Judgment Scheduling Order) pursuant to dfts'
2/5/03 motion for summary judgment against opt-in-pla
Christopher Hudson [73-1] the submission schedule applies
as set out in this Order; ; affidavits and briefs in
opposition shall be filed w/i (15) days of the date of this
Order; movant's response to opposition ddl (7) days filed (
Chief Judge U W. Clemon ) cm (dc) [Entry date 02/11/03]

2/11/03   77    ORDER (Summary Judgment Scheduling Order) pursuant to the
filing of dfts' 2/5/03 motion for summary judgment against
pla Regina Bruno [72-1] the submission schedule applies as
set out in this Order; affidavits and briefs in opposition
shall be filed w/i (15) days of the date of this Order;
movant's response to opposition ddl (7) days filed ( Chief
Judge U W. Clemon ) cm (dc) [Entry date 02/11/03]



2/13/03  78   MOTION by dfts for summary judgment against opt-in pla
              Clara Burgess filed cs (dc) [Entry date 02/13/03]
              [Edit date 02/13/03]

2/14/03  79   MOTION by plaintiff to extend time to 2/28/03 to file
              reply in support of motion to facilitate notice filed cs (ma)
              [Entry date 02/14/03]

2/14/03  80   ORDER (Summary Judgment Scheduling Order) pursuant to dft's
              2/13/03 motion for summary judgment against opt-in pla
              Clara Burgess [78-1], the submission schedule applies as
              set out in this order; affidavits and briefs in opposition
              shall be filed w/in 15 days of the date of this order,
              movant's response to opposition due 7 days from filing date
              of materials in opposition to motion filed ( Chief Judge U
              W. Clemon ) cm (kl) [Entry date 02/14/03]

2/14/03  81   MOTION by dfts Dolgencorp, Inc, Dollar General Corp for
              summary judgment against opt-in pla Frank Zalman filed cs
              (dc) [Entry date 02/18/03]

2/17/03  82   79 - ORDER granting  motion to extend time to 2/28/03 to
              file reply in support of motion to facilitate notice [79-1]
              ; Notice of Compliance ddl 2/28/03 ( by Chief Judge U W.
              Clemon ) entered  cm (dc) [Entry date 02/18/03]

2/20/03  83   ORDER (Summary Judgment Scheduling Order) pursuant to the
              filing of dfts' 2/14/03 motion for summary judgment against
              opt-in pla Frank Zalman [81-1] the submission schedule
              applies as set out in this Order; affidavits and briefs in
              opposition shall be filed w/i (15) days of the date of this
              Order; movant's response to opposition ddl (7) days filed (
              Chief Judge U W. Clemon ) cm (dc) [Entry date 02/20/03]

2/20/03  84   MOTION by dfts for summary judgment against opt-in pla
              Edith Brown filed cs (dc) [Entry date 02/21/03]

2/24/03  85   MOTION by dfts Dolgencorp, Inc, Dollar General Corp for
              summary judgment against opt-in- pla Gerry Heller filed cs
              (dc) [Entry date 02/24/03]

2/24/03  86   MOTION by dft Dolgencorp, Inc, Dollar General Corp for
              summary judgment against opt-in pla Christie Hall filed cs
              (dc) [Entry date 02/24/03]

2/25/03  87   NOTICE to become a party pla filed by Joni Mines cs (dc)
              [Entry date 02/25/03]

2/25/03  88   OPPOSITION by opt-in party pla Frank Zalman to dfts' motion
              for summary judgment against said pla [81-1] filed cs (dc)
              [Entry date 02/26/03] [Edit date 02/26/03]

2/25/03  89   OPPOSITION by opt-in party pla Regina Bruno to dfts' motion
              for summary judgment against said pla [72-1] filed cs (dc)
              [Entry date 02/26/03] [Edit date 02/26/03]

2/25/03   90    OPPOSITION by opt-in party pla Christopher Hudgson to dfts' motion for summary judgment against said party [73-1] filed cs (dc) [Entry date 02/26/03]

2/25/03   91    OPPOSITION by pla  Edith Brown to dfts' motion for summary judgment against said pla [84-1]  filed cs (dc) [Entry date 02/26/03]

2/25/03   92    OPPOSITION by opt-in party pla Clara Burgess to dfts' motion for summary judgment against said pla [78-1]  filed cs (dc) [Entry date 02/26/03]

2/27/03   93     ORDER (Summary Judgment Scheduling) pursuant to the filing of dfts' 2/20/03 motion for summary judgment against opt-in pla Edith Brown [84-1] the submission schedul applies as set out in this Order; affidavits and briefs in opposition shall be filed w/i (15) days of the date of this Order; movant's response (7) days filed ( Chief Judge U W. Clemon ) cm (dc) [Entry date 02/27/03]

2/27/03   94    ORDER (Summary Judgment Scheduling) pursuant to the filing of dfts' 2/24/03 motion for summary judgment against opt-in- pla Gerry Heller [85-1] the submission schedule applies as set out in this Order; affidavits and briefs in opposition shall be filed w/i (15) days of the date of this Order; movant's response (7) days filed ( Chief Judge U W. Clemon ) cm (dc) [Entry date 02/27/03]

2/27/03   95    ORDER (Summary Judgment Scheduling) pursuant to the filing of dfts' 2/24/03 motion for summary judgment against opt-in pla Christie Hall [86-1] the submission schedule applies as set out in this Order; affidavits and briefs in opposition shall be filed w/i (15) days of the date of this Order; movant's response (7) days filed ( Chief Judge U W. Clemon ) cm (dc) [Entry date 02/27/03]

2/28/03   96    Reply by plaintiff in support of motion for order to facilitate nationwide class notice pursuant to 29 USC 216(b) [45-1] with exhibits attached (in expandable folder) filed cs (ma) [Entry date 03/04/03]

2/28/03   97    OPPOSITION by plaintiff(Christie Hall) to motion for summary judgment against opt-in pla Christie Hall [86-1] filed cs (ma) [Entry date 03/04/03]

3/4/03    98    RESPONSE by defendants to Pla Burgess, Brown, Hudson, Zalman, Bruno and Hall's opposition [92-1] [91-1],motion for sumjgm filed cs (ma) [Entry date 03/04/03]

3/13/03   99    MOTION by dfts Dolgencorp, Inc, Dollar General Corp for leave to file a Sur-Reply to plas' reply w/exhs atta filed cs  [Sur-Reply Brief & Evidentiary Appendix atta] (dc) [Entry date 03/13/03]

3/14/03 100 NOTICE of consent to become party pla filed by Jeanette Henning (dc) [Entry date 03/14/03]

3/17/03 101 NOTICE of consent to becom party pla filed by Shannon Waters cs (dc) [Entry date 03/18/03]

3/19/03 102 RESPONSE by plas to dfts' motion for leave to file a Sur-Reply brief [99-1] filed cs (dc) [Entry date 03/19/03]

3/26/03 103 NOTICE of consent to become party pla filed by Damatia Cotton cs (dc) [Entry date 03/27/03]

3/31/03 104 NOTICE of consent to become party pla filed by Janet Shatney cs (dc) [Entry date 04/01/03]

4/29/03 105 NOTICE of consent to become party pla filed by Barbara Tucker cs (dc) [Entry date 04/29/03]

5/1/03 106 JOINT MOTION by pla Edith Brown & dfts Dolgencorp, Inc, Dollar General Corp to extend pla's expert report ddl to 6/15/03 & dfts' expert report ddl to 8/15/03 filed cs (dc) [Entry date 05/01/03]

5/5/03 107 106 - ORDER granting joint motion to extend pla's expert report ddl to 6/15/03 & dfts' expert report ddl to 8/15/03 [106-1] ( by Chief Judge U W. Clemon ) entered cm (dc) [Entry date 05/06/03]

5/5/03 108 NOTICE of consent to become party pla filed by Peggy Taylor cs (dc) [Entry date 05/06/03]

5/7/03 109 RESPONSE by plas to dfts' motion for partial summary judgment as to claims by Geraldine Owens, Diana Carter, Marva McKinley [71-1] filed cs (dc) [Entry date 05/07/03]

5/7/03 110 RESPONSE by plas to dfts' motion to strike portions of the decl of Clara Burgess, Roman Shaul [70-1] filed cs (dc) [Entry date 05/07/03]

5/7/03 111 NOTICE of consent to become party pla by Annetta McMullin filed cs (dc) [Entry date 05/07/03]

5/8/03 112 NOTICE of consent to become party pla filed by Maureen Britt cs (dc) [Entry date 05/08/03]

6/6/03 113 NOTICE of reassignment Case reassigned to Judge L S. Coogler cm (dc) [Entry date 06/06/03]

6/19/03 114 MOTION by plaintiff Edith Brown for order to reassign case back to original judge filed cs (bt) [Entry date 06/19/03]

6/23/03 115 RESPONSE by defendant Dolgencorp, Inc, defendant Dollar General Corp to pla's motion for order to reassign case back to original judge [114-1] filed cs (bt) [Entry date 06/24/03]

6/25/03 116 TRANSCRIPT of proceedings [motions] had before Chief Judge U W. Clemon on 5/9/03 , filed - Court Reporter Penny L

Enoch (dc) [Entry date 06/26/03]

7/11/03   117   NOTICE of Consent to become party pla filed by Haxel Burge
                cs (dc) [Entry date 07/11/03]

7/29/03   118   JOINT MOTION by plaintiffs and defendants to vacate
                scheduling order, and to stay discovery filed cs (bt)
                [Entry date 07/29/03]

8/4/03    119   114 -  ORDER granting  motion for order to reassign case
                back to original judge [114-1] Case reassigned  to Chief
                Judge U W. Clemon ( by Chief Judge U W. Clemon ) entered
                cm (bt) [Entry date 08/05/03]

9/9/03    120   NOTICE of consent to become party pla filed by Valerie Shaw
                cs (dc) [Entry date 09/09/03]

9/22/03   121   72 -  ORDER denying motion for summary judgment against
                pla Regina Bruno [72-1] ( by Chief Judge U W. Clemon )
                entered  cm (ks) [Entry date 09/24/03]

9/23/03   122   73 -  ORDER denying motion for summary judgment against
                opt-in-pla Christopher Hudson [73-1] ( by Chief Judge U W.
                Clemon ) entered  cm (ks) [Entry date 09/24/03]

9/23/03   123   78 -  ORDER denying motion for summary judgment against
                opt-in pla Clara Burgess [78-1] ( by Chief Judge U W.
                Clemon ) entered  cm (ks) [Entry date 09/24/03]

9/23/03   124   81 -  ORDER denying motion for summary judgment against
                opt-in pla Frank Zalman [81-1] ( by Chief Judge U W. Clemon
                ) entered  cm (ks) [Entry date 09/24/03]

9/23/03   125   84 -  ORDER denying motion for summary judgment against
                opt-in pla Edith Brown [84-1] ( by Chief Judge U W. Clemon
                ) entered  cm (ks) [Entry date 09/24/03]

9/23/03   126   85 -  ORDER denying motion for summary judgment against
                opt-in- pla Gerry Heller [85-1] ( by Chief Judge U W.
                Clemon ) entered  cm (ks) [Entry date 09/24/03]

9/23/03   127   86 -  ORDER denying motion for summary judgment against
                opt-in pla Christie Hall [86-1] ( by Chief Judge U W.
                Clemon ) entered  cm (ks) [Entry date 09/24/03]

9/23/03   128   99 -  ORDER granting  motion for leave to file a
                Sur-Reply to plas' reply [99-1] ( by Chief Judge U W.
                Clemon ) entered  cm (ks) [Entry date 09/24/03]

9/24/03   129   RESPONSE (Sur-Reply) by defendants to response (reply)
                [96-1] filed w/appendix cs (ks) [Entry date 09/24/03]

9/26/03   131   118 -  ORDER granting  motion to vacate scheduling order

[118-1], granting motion to suspend discovery [118-2] ( by Chief Judge U W. Clemon ) entered cm (ma) [Entry date 09/29/03]

9/26/03  133  71 - ORDER granting motion for partial summary judgment as to claims by Geraldine Owens, Diana Carter, Marva McKinley [71-1] ( by Chief Judge U W. Clemon ) entered cm (ma) [Entry date 09/29/03]

9/29/03  130  ORDER denying motion for order that the court issue partial notice [45-2], denying motion for order to facilitate nationwide class notice [35-1] filed ( by Chief Judge U W. Clemon ) cm (ma) [Entry date 09/29/03]

9/29/03  132  ORDER granted and denied as set out motion to strike portions of the decl of Clara Burgess, Roman Shaul [70-1] filed ( by Chief Judge U W. Clemon ) cm (ma) [Entry date 09/29/03]

9/30/03  --  DOCKET modification (utility event), terminating motion for order of partial notice [35-2], terminating motion for order to facilitate nationwide class notice pursuant to 29 USC 216(b) [45-1] (dc) [Entry date 09/30/03]

12/1/03  134  ORDER ; Pretrial scheduling conf set for 1:30 12/16/03 at Federal Courthouse Tuscaloosa, Alabama filed ( by Chief Judge U W. Clemon ) cm (ma) [Entry date 12/01/03]

1/12/04  135  ORDER vacating court's prior order denying certification of a nationwide class; certifying class action; w/in 30 days of this order, dft's counsel shall provide plas' counsel a list containing names and last known addresses of all employees who have worked as store managers anytime since 03/14/99; 15 days after such list is provided, plas' counsel shall give notice to opt-in class; filed ( by Chief Judge U W. Clemon ) cm (kc) [Entry date 01/12/04]

1/16/04  136  MOTION by defendant Dolgencorp, Inc, defendant Dollar General Corp to certify interlocutory appeal pursuant to 28 USC 1292(b) and MOTION for expedited ruling w/att exhs filed cs (kc) [Entry date 01/20/04]

1/16/04  137  MOTION by defendant Dolgencorp, Inc, defendant Dollar General Corp to stay, and REQUEST for emergency ruling filed cs (kc) [Entry date 01/20/04]

1/26/04  138  OBJECTIONS by defendant Dollar Gen Stores to court's notice order during conference on 12/16/03 w/att exhs filed cs (kc) [Entry date 01/27/04] [Edit date 01/27/04]

1/27/04  139  Unified RESPONSE by plaintiffs to dfts' motion to stay [137-1], motion for emergency ruling [137-2], motion to certify interlocutory appeal and motion for expedited ruling filed cs (kc) [Entry date 01/27/04]



2/4/04   140   REPLY by defendant Dolgencorp, Inc and dft Dollar Gen Corp
to plas' unified response [139-1] to dfts' motion to stay,
etc. filed cs (kc) [Entry date 02/04/04]
[Edit date 02/04/04]

2/4/04   141   MOTION by defendant Dolgencorp, Inc, defendant Dollar
General Corp for order to file list of current and former
store managers under seal filed cs (kc)
[Entry date 02/04/04]

2/4/04   142   NOTICE of interlocutory appeal by defendant Dolgencorp,
Inc, defendant Dollar General Corp from District Court
decision, [135-2]; notice of appeal, order appealed from
and court copy of docket entries w/transmittal letter
mailed cm (kc) [Entry date 02/04/04]

2/4/04   --    Interlocutory APPEAL fee received by dfts in amount of
$255.00 rcpt #200 199916 (kc) [Entry date 02/04/04]

2/5/04   143   137 - ORDER denying motion to stay [137-1], denying
motion for emergency ruling [137-2] ( by Chief Judge U W.
Clemon ) entered  cm (bt) [Entry date 02/05/04]

2/5/04   144   136 - ORDER denying motion to certify interlocutory
appeal pursuant to 28 USC 1292(b) and MOTION [136-1],
denying motion for expedited ruling [136-2] ( by Chief
Judge U W. Clemon ) entered  cm (bt) [Entry date 02/05/04]

2/6/04   145   NOTICE of consent to become party pla by Sherlia Lucy signed
on 01/22/04 filed cm (kc) [Entry date 02/09/04]
[Edit date 02/09/04]

2/6/04   146   NOTICE of consent to become party pla by Martha Peck signed
on 01/29/04 filed cm (kc) [Entry date 02/09/04]

2/9/04   --    NOTIFICATION by Circuit Court of interlocutory Appellate
docket number #04-10548-EE (kc) [Entry date 02/09/04]

2/10/04  147   OBJECTIONS by defendant Dolgencorp, Inc, defendant Dollar
General Corp to plas' proposed notice of collective action
filed cs (kc) [Entry date 02/10/04]

2/11/04  148   CERTIFIED copy of Appellate Court order re:appeal
#04-10520-E, dtd 02/06/04; petition for a writ of mandamus
is denied; petitioners' "petition for emergency stay and
request for expedited ruling" is denied as moot; (BIRCH and
DUBINA, CirJudges) filed (kc) [Entry date 02/11/04]

2/17/04  149   141 - ORDER granting motion for order to file list of
current and former store managers under seal [141-1] one
large box placed in vault ( by Chief Judge U W. Clemon )
entered  cm (kc) [Entry date 02/18/04]

2/18/04  150   DESIGNATION by defendant Dolgencorp, Inc, defendant Dollar
General Corp of record on appeal (3 vols) filed cs (kc)

[Entry date 02/18/04]

2/18/04    151    NOTICE of consent to become pty pla by Michaela Blair
                  signed 02/01/04 filed (kc) [Entry date 02/18/04]

2/18/04    152    NOTICE -consent to become pty pla by Valerie Hallstrom
                  signed 02/07/04filed (kc) [Entry date 02/18/04]

2/18/04    153    NOTICE -consent to become pty pla by Sandra Hoilman signed
                  02/01/04filed (kc) [Entry date 02/18/04]

2/18/04    154    NOTICE -consent to become pty pla by Lori Goans signed
                  02/03/04 filed (kc) [Entry date 02/18/04]

2/18/04    155    CERTIFICATE of Readiness (Interlocutory Appeal) issued by
                  dfts cm (sj) [Entry date 02/18/04] [Edit date 02/18/04]

2/19/04    156    ORDER Approving Notice of Collective Action attached  filed
                  ( by Chief Judge U W. Clemon ) cm (kc) [Entry date 02/19/04]

2/23/04    157    Emergency MOTION by defendant Dolgencorp, Inc, defendant
                  Dollar General Corp for protective order regarding store
                  manager list w/att exhs filed cs (kc) [Entry date 02/23/04]
                  [Edit date 02/23/04]

2/26/04    158    ORDER denying motion for protective order regarding store
                  manager list [157-1] filed ( by Chief Judge U W. Clemon )
                  cm (dr) [Entry date 02/26/04]

2/26/04    159    ORDER compelling plaintiffs to appear for their scheduled
                  depositions filed ( by Chief Judge U W. Clemon ) cm (dr)
                  [Entry date 02/26/04]

2/27/04    160    ORDER vacating order entered 02/26/04 doc #159  filed (
                  by Chief Judge U W. Clemon ) cm (kc) [Entry date 02/27/04]

3/8/04     161    MOTION by defendant Dolgencorp, Inc, defendant Dollar
                  General Corp for emergency protective order, for
                  sanctions, and for order for corrective notice w/att
                  exhs filed cs (kc) [Entry date 03/08/04]

3/12/04    162    RESPONSE by plaintiffs to dfts' motion for emergency
                  protective order [161-1], motion for sanctions [161-2],
                  motion for order for corrective notice [161-3] filed cs (kc)
                  [Entry date 03/15/04]

3/17/04    163    CERTIFIED copy of Appellate Court order re: 04-10548-EE,
                  dtd 03/15/04 and issued in lieu of mandate of court;
                  dismissing the interlocutory appeal [142-1] for lack of
                  jurisdiction; filed (kc) [Entry date 03/17/04]

4/2/04     --     COURT docket (utility event)  Motion docket set for 1:30
                  4/16/04 (ds) [Entry date 04/02/04]

4/6/04     164    NOTICE of filing 3155 consents to become party plaintiffs

by filed by plaintiff cs – two large boxes (km)
[Entry date 04/06/04]

4/13/04  165  NOTICE of filing addl consents omitted from 4/6/04 filing
filed by plaintiff [placed in expandable folder] cs (sj)
[Entry date 04/20/04]

4/27/04  166   ORDER granting dft's motion for emergency protective order,
sanctions, & corrective notice [161-1],[161-2], [161-3]
ONLY TO THE EXTENT AS SET OUT IN THIS ORDER; otherwise
DENIED AS SET OUT filed ( by Chief Judge U W. Clemon )  cm
(sj) [Entry date 04/27/04]

5/19/04  --   DOCKET modification (utility event) terminating motion for
emergency protective order [161-1] pursuant to court's
order (doc. #166) (sj) [Entry date 05/19/04]

5/21/04  167  NOTICE of FILING CONSENTS to become party plaintiffs
w/listing attached as Exh A & consents contained in Two (2)
Boxes filed by plaintiff cs (sj) [Entry date 05/25/04]

5/24/04  168  NOTICE (Letter) of Filing Consents for Eight (8) plaintiffs
w/consents attchd filed by plaintiff (sj)
[Entry date 05/27/04]

6/7/04   169  MOTION by plaintiff for revised scheduling order to govern
remaining issues w/Exh A attchd filed cs (sj)
[Entry date 06/08/04]

6/7/04   170  NOTICE of Filing Eighty-Five (85) Consents to become party
plaintiffs; consents attchd as Exhibits A & B filed by
plaintiffs cs [too large for file; placed in expandable
folder] (sj) [Entry date 06/08/04]

6/8/04   171  Report of Parties (AMENDED) (form 35) of compliance with
FRCP 26 attached as Exhibit A filed cs (sj)
[Entry date 06/08/04]

---

Case Flags:
REOPEN
PROTO

---

END OF DOCKET: 7:02cv673

---



| PACER Service Center |
| --- |
| Transaction Receipt |
| 06/16/2004 17:55:45 |

| PACER Login: | bm1549 | Client Code: | 24005366-4 |
|---|---|---|---|
| Description: | docket report | Search Criteria: | 7:02cv00673 |
| Billable Pages: | 19 | Cost: | 1.33 |

### U.S. District Court - Oklahoma Western[LIVE]
### U.S. District Court - Western District of Oklahoma[LIVE] (Oklahoma City)
### CIVIL DOCKET FOR CASE #: 5:04-cv-00165

Hunsucker v. Dollar General Corporation et al
Assigned to: Honorable David L. Russell
Referred to:
Demand: $75000
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 29:201 Fair Labor Standards Act

Date Filed: 02/19/04
Jury Demand: Both
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

### Plaintiff
----------------------

**Sheila Ann Hunsucker,** *on behalf of*
*herself and all others similarly situated*

represented by **George J McCaffrey**
McCaffrey & Associates PLLC
6301 Waterford Blvd
Suite 401
Oklahoma City, OK 73118
405-767-3300
Email: George@mccaffreylegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant
----------------------

**Dollar General Corporation**
*TERMINATED: 03/09/2004*

represented by **Kevin R Donelson**
Fellers Snider Blankenship Bailey &
Tippens-OKC
100 N Broadway Ave
Suite 1700
Oklahoma City, OK 73102-8820
405-232-0621
Fax : 405-232-9659
Email: kdonelson@fellerssnider.com
*ATTORNEY TO BE NOTICED*

**Dolgencorp Inc**

represented by **Jacqueline C Johnson**
Littler Mendelson-DALLAS
2001 Ross Ave
Suite 2600 LB 116
Dallas, TX 75201
214-880-8100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel S Allen**
Littler Mendelson-DALLAS
2001 Ross Ave
Suite 2600 LB 116
Dallas, TX 75201
214-880-8100
Fax : 214-880-0181
Email: joel.allen@bakernet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin R Donelson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald E Manthey**
Baker & McKenzie-DALLAS
2001 Ross Ave
Suite 2300
Dallas, TX 75201
214-978-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dollar General Stores of Oklahoma Inc**
*TERMINATED: 03/09/2004*

represented by **Kevin R Donelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 02/19/2004 | 1 | COMPLAINT against Dolgencorp Inc, Dollar General Corporation, Dollar General Stores of Oklahoma Inc (Filing fee $ 150.) , filed by Sheila Ann Hunsucker. (Attachments: # 1 Civil Cover Sheet # 2 Receipt)(kw, ) (Entered: 02/20/2004) |
| 02/19/2004 | 2 | PRAECIPE for and issued 2 summons by Sheila Ann Hunsucker. (kw, ) (Entered: 02/20/2004) |
| 03/04/2004 | 3 | ENTRY of Appearance by George J McCaffrey on behalf of Sheila Ann Hunsucker (nm, ) (Entered: 03/05/2004) |
| 03/09/2004 | 4 | FIRST AMENDED COMPLAINT against Dolgencorp Inc , filed by Sheila Ann Hunsucker.(kw, ) (Entered: 03/09/2004) |
| 03/15/2004 | 5 | ENTRY of Appearance by Joel S Allen on behalf of dft Dolgencorp Inc (kw, ) (Entered: 03/15/2004) |
| | | |

| 03/15/2004 | 6 | ENTRY of Appearance by Kevin R Donelson on behalf of dft Dolgencorp Inc (kw, ) (Entered: 03/15/2004) |
| 03/15/2004 | 7 | ANSWER to Amended Complaint with jury demand by Dolgencorp Inc.(kw, ) (Entered: 03/15/2004) |
| 03/15/2004 | 8 | NOTICE of pleading to file consent to be a party plaintiff by Sheila Ann Hunsucker (no attachment) (kw, ) (Entered: 03/16/2004) |
| 03/30/2004 | 9 | MOTION for Leave to Appear pro hac vice by Jacqueline C. Johnson by Dolgencorp Inc. (kw, ) (Entered: 03/31/2004) |
| 03/30/2004 | 10 | MOTION for Leave to Appear pro hac vice by Ronald E. Manthey by Dolgencorp Inc. (kw, ) (Entered: 03/31/2004) |
| 03/31/2004 | 11 | ORDER granting 10Ronald E. Manthey's Motion for Leave to Appear Pro Hac Vice . Signed by Judge David L. Russell on 3/31/04. (ns, ) (Entered: 03/31/2004) |
| 03/31/2004 | 12 | ORDER granting 9Jacqueline C. Johnson's Motion for Leave to Appear Pro Hac Vice . Signed by Judge David L. Russell on 3/31/04. (ns, ) (Entered: 03/31/2004) |
| 04/06/2004 | 13 | SUMMONS Returned Executed by Sheila Ann Hunsucker. Dolgencorp Inc served on 2/23/2004, answer due 3/15/2004. (kw, ) (Entered: 04/06/2004) |
| 04/06/2004 | 14 | SUMMONS Returned Executed by Sheila Ann Hunsucker. Dollar General Corporation served on 2/23/2004, answer due 3/15/2004. (kw, ) (Entered: 04/06/2004) |
| 04/08/2004 | 15 | DOCKET:Status/Scheduling Conference set for 6/8/2004 at 10:45 AM in Chambers before Honorable David L. Russell. (ns, ) (Entered: 04/08/2004) |
| 04/19/2004 | 16 | NOTICE of Change of Address by Joel S Allen, Ronald E Manthey (kw, ) (Entered: 04/19/2004) |
| 04/23/2004 | 17 | GENERAL ORDER 04-02 (April 15, 2004) Mandatory Electronic Case Filing. Signed by Judge David L. Russell on 4/15/04. (ns, ) (Entered: 04/23/2004) |
| 06/03/2004 | 18 | JOINT DISCOVERY PLAN by Defendants Dolgencorp Inc, Dollar General Corporation, Dollar General Stores of Oklahoma Inc, Plaintiff Sheila Ann Hunsucker. (Donelson, Kevin) (Entered: 06/03/2004) |

| 06/03/2004 | 19 | JOINT STATUS REPORT by Defendants Dolgencorp Inc, Dollar General Corporation, Dollar General Stores of Oklahoma Inc, Plaintiff Sheila Ann Hunsucker. (Donelson, Kevin) (Entered: 06/03/2004) |
|---|---|---|
| 06/08/2004 | 20 | MOTION for Discovery *Stay and any Rulings on Proposed Notice or Other Pretrial Motions* by Dolgencorp Inc, Dollar General Corporation, Dollar General Stores of Oklahoma Inc. (Donelson, Kevin) (Entered: 06/08/2004) |
| 06/08/2004 | 21 | SCHEDULING ORDER: Case stayed pending action from MDL Panel . Signed by Judge David L. Russell on 6/9/04. (ns, ) (Entered: 06/09/2004) |
| 06/09/2004 | | Case Stayed - see scheduling order filed 6/8/04 (kw, ) (Entered: 06/09/2004) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/16/2004 17:57:50 | | |
| **PACER Login:** | bm1549 | **Client Code:** | 24005366-4 |
| **Description:** | Docket Report | **Case Number:** | 5:04-cv-00165 |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

## U.S. District Court
## Southern District of Ohio (Columbus)
## CIVIL DOCKET FOR CASE #: 2:04-cv-00484-EAS-NMK

Buckley v Dollar General Corp
Assigned to: Edmund A Sargus
Referred to: Norah McCann King
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 15:1938 Fair Labor Standards Act

Date Filed: 06/08/04
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**
------------------------

**Karen Buckley**                    represented by **Randolph Harry Freking**
                                     Freking & Betz - 1
                                     215 East Ninth Street
                                     5th Floor
                                     Cincinnati, OH 45202
                                     513-721-1975
                                     Email: randy@frekingandbetz.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

                                     **Kelly Mulloy Myers**
                                     Freking & Betz - 1
                                     215 East Ninth Street
                                     5th Floor
                                     Cincinnati, OH 45202
                                     513-721-1975
                                     Email: kmyers@frekingandbetz.com
                                     *ATTORNEY TO BE NOTICED*

                                     **Tod Joseph Thompson**
                                     Freking and Betz
                                     215 East 9th Street
                                     5th Floor
                                     Cincinnati, OH 45202
                                     513-721-1975
                                     Fax : 513-651-2570
                                     Email: tthompson@frekingandbetz.com
                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**
------------------------

Case 1:04-md-00635-OHSD   Document 1   Filed 07/02/04   Page 50 of 111

**Dollar General Corp.**

| Filing Date | # | Docket Text |
|---|---|---|
| 06/08/2004 | 1 | COMPLAINT filed against Dollar General Corp. (Filing fee $ 150.), filed by Plaintiff Karen Buckley.(ja, ) (Entered: 06/10/2004) |
| 06/08/2004 | | Filing fee received in the amount of $ 150, receipt number 241848. (ja, ) (Entered: 06/10/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/16/2004 18:40:51 | | | |
| **PACER Login:** | bm1549 | **Client Code:** | 24005366-4 |
| **Description:** | Docket Report | **Case Number:** | 2:04-cv-00484-EAS-NMK |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

Docket as of June 18, 2004 7:03 pm      Web PACER (v2.3a-EDLA)

# U.S. District Court
## Southern District of Georgia (Savannah)

## CIVIL DOCKET FOR CASE #: 04-CV-96

### Depasquales v. Dollar General Corp

Filed: 06/16/04
Assigned to: Chief Judge William T. Moore
Demand: $0,000
Nature of Suit: 710
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 29:201 Denial of Overtime Compensation

TINA DEPASQUALES
    plaintiff

    Christopher L. Rouse
    912/232-7344(fax)
    [COR LD NTC]
    Lee, Black, Hart & Rouse, PC
    P.O. Box 8205
    Savannah, GA 31412-8205
    912/233-1271

  v.

DOLLAR GENERAL CORPORATION
    defendant

    Sarah H. Lamar
    912/236-4936(fax)
    [COR LD NTC]
    Hunter, Maclean, Exley & Dunn,
    PC
    P.O. Box 9848
    Savannah, GA 31412-0048
    912/236-0261
    Joel S. Allen
    [COR LD NTC]
    Baker & McKenzie
    2300 Trammell Crow Center
    2001 Ross Avenue
    Dallas, Tx 75201
    214-965-3017
    Ronald E. Manthev
    [COR LD NTC]
    Baker & McKenzie
    2300 Trammell Crow Center
    2001 Ross Avenue
    Dallas, Tx 75201
    214-965-3030

# DOCKET PROCEEDINGS

**Click on the IMG Icon to view the Image Display Cost.**

---

DATE   #  IMG              DOCKET   ENTRY

6/16/04  1   📋  NOTICE OF REMOVAL;    FILING FEE $ 150.00   RECEIPT # 402214
                (wwp) [Entry date 06/18/04]

6/16/04  2   📋  NOTICE to attorney of removal of by Dollar General Corp (wwp)
                [Entry date 06/18/04]

6/16/04  3   📋  CERTIFICATE pursuant to Local Rule 3.2. by defendant Dollar
                General Corp (wwp) [Entry date 06/18/04]

6/16/04  4   📋  General ORDER of instructions to the parties 26(f).  (
                signed by Magistrate Judge G. R. Smith ); [EOD Date
                6/18/04] copies served. (wwp) [Entry date 06/18/04]

6/16/04  5   📋  Defendant's Original Answer (wwp) [Entry date 06/18/04]
                [Edit date 06/18/04]

6/16/04  5   📋  CERTIFICATE OF SERVICE of Notification to State Court by
                Dollar General Corp (wwp) [Entry date 06/18/04]
                [Edit date 06/18/04]

6/16/04  7   📋  CERTIFICATE OF COUNSEL REFILED by Dollar General Corp (wwp)
                [Entry date 06/18/04]

6/16/04  8   📋  MOTION by Dollar General Corp for attorney Ronald E.
                Manthev to Appear Pro Hac Vice.  with brief in support. (wwp)
                [Entry date 06/18/04]

6/16/04  9   📋  MOTION by Dollar General Corp for attorney Joel S. Allen
                to Appear Pro Hac Vice.  with brief in support. (wwp)
                [Entry date 06/18/04]

6/16/04  --      Motion(s) referred: [9-1] motion for attorney Joel S. Allen
                to Appear Pro Hac Vice. referred  to Magistrate Judge G. R.
                Smith (wwp) [Entry date 06/18/04]

6/18/04  --      Motion(s) referred: [8-1] motion for attorney Ronald E.
                Manthev to Appear Pro Hac Vice. referred  to Magistrate
                Judge G. R. Smith (wwp)

6/18/04  --      Pro Hac Vice paid by Sarah H. Lamar for defendant Dollar
                General Corp  Receipt # 404214  Date: 6/16/04 (wwp)

---

### END OF DOCKET: 4:04cv96

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2004 09:52:51 | | | |
| **PACER Login:** | bm1549 | **Client Code:** | 24005366-1 |
| **Description:** | docket report | **Search Criteria:** | 4:04cv00096 |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

Cost displayed is for docket sheet only.

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

02 MAR 14  PM 3:33

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EDITH BROWN, | * |
| | * |
| Plaintiff, | * |
| | * |
| | * CIVIL ACTION NUMBER: |
| vs. | * |
| | * CV-02-C-0673-W |
| DOLLAR GENERAL STORES, LTD. | * |
| | * |
| Defendants. | * |
| | * |
| | * |

## COMPLAINT

COMES NOW the Plaintiff, Edith Brown, and files this lawsuit against the Defendant,

Dollar General Stores, LTD., pursuant to §216(b) of the Fair Labor Standards Act (hereinafter

"FLSA") and for this cause of action states the following:

1.      Defendant Dollar General Stores, LTD. is a corporation conducting business in

        the State of Alabama. Defendant also operates approximately 3,700 store

        locations throughout the United States.

2.      Plaintiff Edith Brown currently resides in York, Alabama.

3.      At all times material to this action, the Plaintiff, Edith Brown, was employed by

        Defendant at its stores #3998.

4.      This action is brought pursuant to the FLSA, 29 U.S.C §201 et seq. and

        specifically the collection action provision of the Act found at Section 216(b), for

        equitable and injunctive relief and to remedy violations of the wage provisions of

        the FLSA by Defendant which has deprived Plaintiff of lawful wages.

5.   This action is brought to recover unpaid compensation, in the form of sale,
incentives, commissions, bonuses, vacation and sick time, owed to Plaintiff
pursuant to FLSA. For at least three years prior to filing this complaint, Defendant
has had uniform policy and practice of consistently requiring its alleged
"managerial" employees to work 60-90 per week for a salaried amount without
sales incentives, overtime compensation, commission, bonuses, vacation or sick
time. The alleged managerial employees, including Plaintiff, perform managerial
duties approximately 5-10 hours per week. The remainder of her time is spent
performing non-managerial functions, including, but not limited to, running the
registers, stocking merchandise and janitorial duties. The Plaintiff was paid a
specified weekly salary. The Plaintiff was not paid any overtime compensation
despite the fact that she worked 20-50 hours a week over the required 40 hours
and that the vast majority of her hours were spent performing non-managerial job
duties. The Plaintiff seeks unpaid sales incentives, commission, bonuses, vacation
and sick time, overtime compensation, an equal amount of liquidated damages,
attorneys' fees, and costs pursuant to 20 U.S.C. §216(b).

6.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
§1331. Venue is proper in the Northern District of Alabama under 28 U.S.C
§1391(b).

7.   Defendant is subject to personal jurisdiction in the State of Alabama for the
purpose of this lawsuit.

8.   At all times material to this action, Defendant is an enterprise engaged in
commerce or in the production of goods for commerce as defined by §203(s)(1)

of the FLSA.

9.  At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by §203(d) of the FLSA.

10. At all times material to this action, the Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

11. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and Plaintiff and were covered by §§206 and 207 of the FLSA while she was employed by Defendant.

12. At all times relevant to this action, Defendant employed Plaintiff in the capacity of a managerial employee, including, but not limited to, Assistant Manager and Manager.

13. The services performed by Plaintiff was a necessary and integral part of and directly essential to Defendant's business.

14. The Plaintiff was required to perform both managerial and non-managerial duties without sales, incentives, overtime compensation, commission, bonuses, vacation or sick time.

15. Defendant has intentionally failed and/or refused to pay the Plaintiff a managerial salary/rates according to the provisions of the FLSA.

16. The systems, practices and duties of the Plaintiff has existed for at least three years throughout the Defendant's business.

17. For at least three years, the Defendant has been aware of the requirements of the

FLSA and its corresponding regulations necessary to provide managerial employees with sales incentives, commission, overtime compensation, bonuses, vacation and sick time. Despite this knowledge, the Defendant has failed to pay its employees the mandatory lawful incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

18.   Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to its employees as well as their entitlement to managerial incentives, commission, bonuses, overtime compensation, vacation and sick time in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The Plaintiff relied upon these misrepresentations by Defendant and was unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

19.   As a result of the actions of Defendant in fraudulently concealing the true status of its employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statue of limitations as a bar.

20.   Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiff and other similarly situated employees and former employees in accordance with §207 of the FLSA.

21.  As a result of Defendant's violations of the FLSA, the Plaintiff has suffered damages by failing to receive managerial compensation in accordance with §207 of the FLSA.

22.  In addition to the amount of unpaid wages and benefits owing to the Plaintiff she is also entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

23.  Defendant's actions in failing to compensate the Plaintiff and former employees, in violation of the FLSA, was willful.

24.  Defendant has not made a good faith effort to comply with the FLSA.

25.  The Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, the Plaintiff pursuant to §216(b) of the FLSA, prays for the following relief:

1.  The Plaintiff be awarded damages in the amount of her respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2.  Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

3.  Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

4.  Plaintiff further demands a struck jury to try the issues raised in this matter.

JERE L. BEASLEY (BEA020)

W. DANIEL "DEE" MILES, III (MIL060)

ROMAN A. SHAUL (SHA056)
Attorney for Plaintiffs


OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone No. (334) 269-2343
Fax No. (334) 954-7555


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

Of Counsel

# EXHIBIT "C"



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SHEILA ANN HUNSUCKER, on behalf of §
herself and all others similarly situated, §
§
    Plaintiffs. §
§
v. §   Case No.:
§
DOLLAR GENERAL CORPORATION, §
§
DOLGENCORP, INC, §
§
DOLLAR GENERAL STORES OF §
OKLAHOMA, INC., §
§
    Defendants. §

**CIV-04-0165-R**

**FILED**

FEB 1 8 2004

HOBBY D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____ DEPUTY

## ORIGINAL COMPLAINT AND JURY DEMAND

Comes now Plaintiff, Sheila Ann Hunsucker (Hunsucker or Plaintiff), on behalf of herself

and other similarly situated employees of Dollar General Corporation, DolGenCorp, Inc., and Dollar

General Stores of Oklahoma, Inc. (collectively referred to as Defendants) and files this Original

Class Action Complaint to redress certain grievances arising under the Fair Labor Standards Act

(FLSA), 29 U.S.C. Section 201 et seq. Plaintiff would respectfully show the following:

### I. PARTIES

1.    Plaintiff, Sheila Hunsucker, is a resident of the City of Idabel, County of McCurtain,

    and State of Oklahoma.

2.    Plaintiff and others similarly situated are or were employed by one or more

Defendants.

3.    Defendant Dollar General Corporation, is a foreign corporation, licensed to do

Business in, and doing business in, the State of Oklahoma, including within the jurisdiction of the United States District Court for the Western District of Oklahoma. Defendant can be served with process through its registered agent, Secretary of State, 2300 N. Lincoln Boulevard, Suite 101, Oklahoma City, Oklahoma 73105-4897.

4.      Defendant DolGenCorp, Inc., is a foreign corporation, licensed to do business in, and doing business in, the state of Oklahoma, including within the jurisdiction of the United States District Court for the Western District of Oklahoma.  Defendant can be served with process through its registered agent, Corporation Service Company, 115 SW 89th Street, Oklahoma City, Oklahoma 73139-8511.

5.      Defendant Dollar General Stores of Oklahoma, Inc., is an Oklahoma corporation. licensed to do business in, and doing business in the State of Oklahoma, including within the jurisdiction of the United States District Court for the Western District of Oklahoma.  Defendant can be served with process through its registered agent, J H Winfrey, 122 W. Charles, Pauls Valley, Oklahoma 73075-3814.

6.      Plaintiffs are similarly situated current or former employees of one or more of Defendants employed in the position of store managers.  Defendants are employers as defined in 29 U.S.C. Section 201 *et seq.*

## II.  JURISDICTION AND VENUE

7.      Jurisdiction is conferred on this court by 29 U.S.C. Section 216.

8.      Venue is proper in this court under 28 U.S.C. Section 1391.

## III.  CLASS ACTION ALLEGATIONS

9.     Plaintiff files this case as an "opt-in" class action as specifically allowed by 29 U.S.C. Section 216(b), on behalf of herself and similarly situated employees of Defendants.

10.    Plaintiff Hunsucker seeks to represent those employees and/or former employees who give their consent in writing to be a party plaintiff in this action and such consent is filed in this court, as required by 29 U.S.C. Section 216(b). Plaintiff Hunsucker and others similarly situated are referred to herein as Plaintiffs or the "Plaintiff class". Plaintiffs include employees and former employees who should properly be classified as non-exempt under the FLSA and who were denied overtime required by the FLSA. Plaintiffs have various job titles, including, without limitation, manager, or store manager.

## IV. FACTUAL BACKGROUND

11.    At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.*

12.    For purposes of this action, the relevant period is defined as that period commencing three years previous to the filing of this lawsuit and continuing thereafter.

13.    Throughout the relevant period, Plaintiff has been employed by Defendants.

14.    Throughout the relevant period, Defendants, have improperly failed to recognize that Plaintiff Hunsucker, and similarly situated employees, are covered, non-exempt employees under FLSA, thus entitled to overtime pay.

15.    Defendants have intentionally refused and failed to pay Plaintiff and similarly situated employees overtime pay for the hours in excess of 40 hours that Plaintiffs have worked as required by FLSA.

16.     As employees under FLSA, Plaintiff and similarly situated employees are  entitled to overtime for all hours in excess of forty (40) hours worked during each seven-day work week during the relevant period.

## V.  CAUSE OF ACTION

### Fair Labor Standards Act (FLSA)

17.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 16 as if fully stated herein.

18.     Defendants' actions in failing to pay Plaintiff and similarly situated employees for all their overtime hours at a rate not less than one and one-half times the regular rate at which they were employed violates 29 U.S.C. Section 207(a)(1) and 215 (a)(2). Plaintiff seeks the full amount of unpaid overtime wages under 29 U.S.C. Section 216(b), with interest thereon, for herself and similarly situated employees.

19.     Defendants'' failure to pay Plaintiff and the Plaintiff class overtime pay in accordance with FLSA was willful, thus entitling Plaintiff and similarly situated employees to liquidated damages under 29 U.S.C. Section 216(b).

20.     Plaintiffs seek attorney fees and costs of suit under 29 U.S.C. Section 216(b).

## VI.  JURY DEMAND

21.     Plaintiffs seek a jury trial for all claims and issues involved in this case.

## VII.  PRAYER FOR RELIEF

Wherefore, Plaintiff, Sheila Hunsucker, and all similarly situated employees, request that Defendants be cited to appear and answer.  Plaintiffs request that Defendants be ordered, on an expedited basis,

to provide Plaintiff with the names, current home and work addresses and current phone numbers of all current or former store managers employed or formerly employed by Defendants.  Plaintiffs further request that this court approve a procedure whereby Plaintiff, through her counsel, may notify such employees of this action and of their right to file consents to be party plaintiffs in this action. Plaintiffs pray further that on final trial, judgment be granted against Defendants awarding Plaintiff and similarly situated employees the following:

a.   Back pay, including, but not limited to, unpaid wages and other employment benefits;

b.   Unpaid overtime compensation to which they are entitled;

c.   Liquidated damages, in the maximum amount allowed by law;

d.   Compensatory and punitive damages, in the maximum allowed by law;

e.   Prejudgment and post-judgment interest, as allowed by law;

f.   Attorney fees and costs of suit;

g.   Such other and further relief as this Court may deem proper.

Respectfully submitted,

McCAFFREY & ASSOCIATES, P.L.L.C.
6301 Waterford Boulevard, Suite 401
Oklahoma City, Oklahoma 73118
Phone:    (405) 767-3300
Facsimile: (405) 767-3309

George T. McCaffrey
State Bar No.  5851

PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND                    Page 5

**AND**

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone:    (214) 720-2009
Facsimile: (214) 720-2291

By _____
    Hal K. Gillespie
    Texas State Bar No. 07925500
LEAD COUNSEL FOR PLAINTIFFS

# EXHIBIT "D"

## IN THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

04 MAY 12 PM 3: 55

*Larson W. Blair, Jr.*

| | |
|---|---|
| TINA DEPASQUALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

Civil Action No._____

## COMPLAINT

COMES NOW Plaintiff and makes this her Complaint against Defendant Dollar General Corporation ("Dollar General") above-named as follow:

### COUNT I

### (Fair Labor Standards Act Claim - minimum wage)

1.

Defendant Dollar General is a corporate entity subject to the jurisdiction of this Court. Service may be had upon it by service upon its registered agent for service of process, Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, GA 30092, in Gwinnett County, Georgia.

2.

This is an action for unpaid overtime compensation, liquidated damages, declaratory relief, costs and attorneys' fees pursuant to the Fair Labor Standards Act of ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3.

Venue is proper in this Court pursuant to the provisions of Article VI, Section II, Paragraph

VI of the Georgia Constitution and/or O.C.G.A. § 14-2-510.

4.

Plaintiff was employed by Defendant.

5.

She was given a job title of "store manager."

6.

At all relevant times, Defendant has known that it was required to pay overtime compensation at the rate of one and one-half times the normal hourly rates to its employees who work more than 40 hours during a work week, unless such employees are exempt from the overtime requirements of the FLSA.

7.

Plaintiff is not employed in a bona fide executive, administrative or professional capacity within the meaning of the FLSA, and is not otherwise exempt from the overtime requirements of the FLSA.

8.

During her employment, Plaintiff was not an exempt employee within the meaning of the FLSA.

9.

During the time of her employment, Plaintiff worked more than 40 hours per week.

10.

Despite this, she received no over-time pay.

11.

Defendant is liable to Plaintiff for her unpaid overtime wages for the hours beyond 40 worked

each week.

## COUNT II

### (Fair Labor Standards Act Claim - Liquidated Damages)

12.

Defendant is liable to Plaintiff for an additional amount as liquidated damages in the amount

due her under Count I pursuant to the provisions of 29 U.S.C.A. § 216(b).

## COUNT III

### (Attorney's Fees)

13.

Defendant is liable to Plaintiff for those reasonable attorney's fees incurred in pursuing the

claims contained herein, pursuant to the attorneys fees provisions of the Fair Labor Standards Act.

## COUNT IV

### (Interest)

14.

Defendant is liable for interest upon all over-time wages due at the legal rate.

WHEREFORE, Plaintiff prays that she be granted the following relief:

a.    An Award of damages against Defendant for the overtime wages due her, in that

   amount shown to the fact-finder upon the trial of the instant matter;

b.    An Award of liquidated damages against Defendant for the same amount;

c.    An Award of all costs incurred in the prosecution of this action;

d.    An Award of interest at the legal rate;

e.    An Award of all reasonable attorney's fees incurred in the prosecution of this action;

and

f.    All such other and further relief that Plaintiff is later shown to be entitled to at law or

equity.

This 12th day of May, 2004.

Lee, Black, Hart & Rouse, P.C.

Christopher L. Rouse
Georgia Bar No. 616521

6555 Abercorn Street, Suite 206
Post Office Box 8205
Savannah, Georgia 31412
(912) 233-1271
(912) 232-7344 (fax)

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

TINA DEPASQUALES,                     )
                                      )
    Plaintiff,            )
                                      )
vs.                                   )          Civil Action No._____
                                      )
DOLLAR GENERAL CORPORATION,           )
                                      )
    Defendant.            )

### CERTIFICATION UNDER RULE 3.2

    Pursuant to Rules 3.2 and 3.4 of the Georgia Uniform Superior/State Court Rules, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties, substantially the same subject matter, or substantially the same factual issues, which would require the action to be specifically assigned to the Judge whom the original action was or is assigned.

    This 12th day of May, 2004.

Lee, Black, Hart & Rouse, P.C.

Christopher L. Rouse
Georgia Bar No. 616521

6555 Abercorn Street, Suite 206
Post Office Box 8205
Savannah, Georgia 31412
(912) 233-1271
(912) 232-7344 (fax)

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

2004 JUN -8 P 2: 48

U.S. DISTRICT COURT
SOUTH. DIST. OHIO
EAST. DIV. COLUMBUS

KAREN BUCKLEY
41 Main Street
The Plains, Ohio 45780

      Plaintiff

    v.

DOLLAR GENERAL CORP.
Corporation Service Company,
Statutory Agent
2908 Poston Avenue
Nashville, Tennessee, 37203

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. **C2  04  484**

J. _____ SARGUS

**MAGISTRATE JUDGE KING**

**COLLECTIVE ACTION
COMPLAINT FOR VIOLATION
OF FAIR LABOR STANDARDS ACT;
CLASS ACTION COMPLAINT FOR
VIOLATION OF O.R.C. §4111.03.**

**JURY DEMAND ENDORSED
HEREON**

## INTRODUCTION

Plaintiff, on behalf of herself and all other members of the Plaintiff Collective,
hereinafter described, hereby state:

1.     This is a "collective action" and class action instituted by Plaintiff as a result of
Defendant's practice and policy of not paying its salaried employees, including Plaintiff, for
all hours worked, in violation of federal and state wage and hour laws.

2.     To pursue claims under the federal Fair Labor Standards Act as amended
("FLSA"), aggrieved persons are not permitted to institute "Rule 23" class actions, but rather
are required to institute a "collective action" pursuant to §216 of the FLSA. Collective actions
require individuals to "opt in" to the litigation.

3.     To pursue claims under O.R.C. §4111.03, aggrieved persons are permitted to
institute Rule 23 class actions.

4.      This is a Collective action under the FLSA for: (a) back overtime pay; (b) liquidated damages; (c) declaratory judgment; (d) injunctive and affirmative relief requiring that the Defendant designate "opt-in" Plaintiffs (who are still currently employed by Defendant) as "non-exempt" for purposes of federal wage and hour laws; (e) punitive damages and compensatory damages; (f) attorney fees; and (g) such other relief as may be appropriate.

5.      This is a Class action under Ohio's Wage and Hour Law, O.R.C. §4111.03, for:  (a) back overtime pay; (b) liquidated damages; (c) declaratory judgment; (d) injunctive and affirmative relief requiring that the Defendant designate class members (who are still currently employed by Defendant) as "non-exempt" for purposes of state wage and hour laws; (e) attorney fees and costs; and (f) such other relief as may be appropriate.

## NATURE OF CLASS ACTION

6.      Pursuant to Local Rule 23.2, Plaintiff brings this action on her own behalf, pursuant to 29 U.S.C. §216(b) for Count I and Rule 23, F. R. Civ. P. as to Count II, and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by the Defendant's unlawful conduct.

7.      The "class" which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All persons, male and female, formerly and/or presently employed by Defendant at any time within the past three years, who:
>
> (a)     are and/or were "General Managers" paid by Defendant on a salary basis; and
>
> (b)     worked at any of Defendant's stores located in Ohio.

8.     Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it exceeds 200 persons.  Written consents will be filed as additional opt-in plaintiffs elect to join the class under the FLSA.

9.     As set forth herein, this collective action and class action meets the requirements for being maintained and prosecuted as a class action in that the Plaintiff and opt-in plaintiffs are all similarly-situated.

10.     Plaintiff will fairly and adequately represent and protect the interests of the members of the class.  The interests of the representative and the interests of all class members are aligned.  Plaintiff is attempting to benefit all class members.  Plaintiff shares the same interest as each class member - full and fair compensation for damages resulting from Defendant's misconduct.  The fact that Plaintiff's claims are typical of the claims of the class ensures that Plaintiff will preserve the interests of all class members.  Plaintiff does not have any interest that competes with the interests of other class members because by pursuing her own interest, Plaintiff advances the interests of the entire class.  There are no potential conflicts of interest between the proposed class representative and the members of the class. The claims of all parties arise from a similar fact pattern and are based upon identical theories of law.

11.     The allegations by Plaintiff contain common questions of law and fact.  Plaintiff satisfies the requirement of Rule 23(a)(2) that the litigation involve "questions of law or fact common to the class."  In the present case, the common issues of law and fact are abundant. Specifically, there are common questions of fact regarding Defendant's conduct and representations, such as:

        A.     Has Defendant wrongfully compensated its salaried employees as if exempted from state law requiring overtime compensation?

-3-

B. Has the class been injured by Defendant's refusal to fully compensate its salaried employees for hours worked overtime?

C. Was Defendant's conduct willful and/or undertaken with such disregard and recklessness as to allow the class to recover liquidated and/or punitive damages?

12. Plaintiff's claims focus entirely on Defendant's wrongful conduct and thus are typical of the claims of the class. Plaintiff asserts claims involving specific actions taken by Defendant affecting the entire class. Consequently, Plaintiff meets the typicality requirement because her claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theories.

## JURISDICTION AND VENUE

13. This is a "collective" action authorized by and instituted under the FLSA.

14. Count I of the Complaint is based on federal law. As to Count I, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

15. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq.

16. This Court holds supplemental jurisdiction over Count II, pursuant to 28 U.S.C. §1367, on the ground that it is so related to Count I, over which the Court has original jurisdiction, that it forms part of the same case or controversy.

17. Plaintiff was employed in this Division and District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this Division and District. Thus, venue properly lies in the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §1391(c).

## PARTIES

18.     Plaintiff Karen Buckley is a citizen of the United States and a citizen and resident of The Plains, Ohio.

19.     Defendant is a Tennessee corporation with its principal place of business in Goodettsville, Tennessee.  Defendant operates more than 6,700 discount retail stores in 29 states, including 365 stores in Ohio.

20.     Defendant is, and at all times material to this action was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

21.     Defendant is, and at all times material to this action was, an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. §203(s).

22.     Defendant is, and at all times material to this action was, an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

23.     At all times material to this action, the named Plaintiff was employed as a store manager of a Dollar General store operated by Defendant and was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

## STATEMENT OF FACTS

24.     Plaintiff was born on December 28, 1961.

25.     From July, 1999 to October 26, 2002, Defendant employed Plaintiff as a "General Manager" at Defendant's Dollar General store number 1409 in Franklin, Ohio.

26.     Plaintiff earned a salary in excess of $250.00 per week.

27.     Plaintiff was a loyal, dedicated and qualified employee, and earned multiple merit-based pay increases.

28.     Though Defendant deemed Plaintiff a "General Manager," Plaintiff did not customarily or regularly exercise either discretion or independent judgment.

29.     Though Defendant deemed Plaintiff a "Store Manager," the majority of Plaintiff's job responsibilities were non-managerial.

30.     Plaintiff was required to work more than 47 hours per week, and often worked over 50 hours per week, but Defendant failed to pay Plaintiff overtime compensation for hours worked in excess of 40 hours per week.

31.     Upon information and belief, other employees Defendant deemed "General Managers" regularly worked more than 40 hours per week, but Defendant failed to pay these employees overtime compensation for hours worked in excess of 40 hours per week.

32.     On October 26, 2002, Defendant abruptly and summarily terminated Plaintiff's employment without just cause.

## COUNT I

### (Fair Labor Standards Act Violation)

33.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34.     Defendant operates, and has operated, facilities located in Ohio.

35.     Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA including:

> (a)     designating Plaintiff, whose duties indicate she should not be exempt from federal overtime requirements, as exempt;

    (b)     refusing and/or failing to calculate and pay Plaintiff's overtime as

              required by federal law.

36.     The above-described willful and systematic violation of the FLSA complained of by Plaintiff has similarly affected all other members of the collective action so that the claims of such members are common and typical to each other.

37.     Defendant's unlawful conduct directly and proximately caused the named Plaintiff and all others similarly situated to suffer damage for which they are entitled to judgment.

38.     Defendant's violations have been willful and/or in willful or reckless disregard of Plaintiff's rights, and entitle Plaintiff to liquidated and/or punitive damages.

## COUNT II

### (Violation of O.R.C. §4111.03)

39.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40.     Defendant operates, and has operated, facilities located in Ohio.

41.     Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of O.R.C. §4111.03 including:

    (a)     designating Plaintiff, whose duties indicate she should not be exempt

              from state overtime requirements, as exempt;

    (b)     refusing and/or failing to calculate and pay Plaintiff's overtime as

              required by state law.

42.     The above-described willful and systematic violation of O.R.C. §4111.03 complained of by Plaintiff has similarly affected all other members of the class so that the claims of such class members are common and typical to each other.

43.    Defendant's unlawful conduct directly and proximately caused the named Plaintiff and all others similarly situated to suffer damage for which they are entitled to judgment.

44.    Defendant's violations have been willful and/or in willful or reckless disregard of Plaintiff's rights, and entitle Plaintiff to liquidated and/or punitive damages.

**WHEREFORE,** Plaintiff and all those similarly situated collectively request that this Court grant Plaintiff and the class she represents a permanent injunction enjoining Defendant, its agents, its successors, employees, and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures which violate the FLSA, and/or O.R.C. §4111.03, and instructing Defendant to designate Plaintiff and all others similarly situated as "non-exempt," and award against the Defendant and in favor of the Plaintiff and the class they represent actual damages for back overtime pay, liquidated damages, punitive damages and compensatory damages, plus attorneys fees and all such other relief as may be appropriate.

Respectfully submitted,

Randolph H. Freking (009158)
Kelly M. Myers (0065698)
Tod J. Thompson (0076446)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, Ohio  45202
(513) 721-1975
FAX:  (513) 651-2570
randy@frekingandbetz.com
kmyers@frekingandbetz.com
tthompson@frekingandbetz.com

-8-

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

# EXHIBIT "F"

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

04 JAN 12  AM 10: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

EDITH BROWN, on behalf of herself and     )
others similarly situated,                )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )        Civil Action Number
                                          )          02-C-0673-W
DOLOGENCORP, INC., and DOLLAR             )
GENERAL CORPORATION,                      )
                                          )        **ENTERED** _ec_
                    Defendants.           )
                                                   JAN 1 2 2004

### ORDER CERTIFYING A NATIONWIDE CLASS

The Court's prior order denying certification of a nationwide class is hereby VACATED.

The Court tentatively finds that the Defendants have a company-wide unwritten policy of

requiring  many  of its store managers to work between 50-80 hours per week performing mostly

non-managerial duties. The Court also finds that other employees, similarly situated to the named

Plaintiff, wish to join in this action.

Based on these  findings, and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 200 _et_

_seq._, the Court hereby **CERTIFIES** an opt-in class consisting of all persons who have, at anytime

since March 14, 1999:

    1) worked as a store manager of Dollar General Corporation,

    2) regularly worked more than fifty hours per week; **and** either

    3) customarily supervised less than two employees at a time, **or**

    4) lacked authority to hire or discharge store employees without the approval of the
Area Manager, **or**

135

**5) sometimes worked in non-managerial positions at a Dollar General store or stores other than the one which he/she was assigned to manage.**

Within thirty (30) days of the date of this Order, Defendant's counsel shall provide to Plaintiff's counsel a list containing the names and last known addresses of all its employees who have worked as store managers at anytime since March 14, 1999.

Fifteen (15) days after such list is provided, Plaintiff's counsel shall give notice to the opt-in class of 1) the pendency of this action, and 2) the opportunity to opt-in not later than May 31, 2004. The Court shall approve the form of the notice by separate order.

Done this _____ 8th _____ day of January, 2004.

 

 

_____
Chief United States District Judge
U.W. Clemon

# EXHIBIT "G"

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLSA DOLGENCORP, INC. AND
DOLLAR GENERAL CORPORATION

MDL Docket No. _____

## DECLARATION OF TAMERA BURLESON

I, Tamera Burleson, declare as follows:

1.      "My name is Tamera Burleson. I am over the age of 21 years, of sound mind and fully competent to testify in this cause. I have never been convicted of a crime and I have personal knowledge that all facts set forth in this Declaration are true and correct.

2.      I am a paralegal with Baker & McKenzie in Dallas, Texas. I reviewed the lists of opt-in plaintiffs provided by Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., counsel for plaintiffs in the case of *Brown v. Dolgencorp, Inc. and Dollar General Corporation*, Civil Action No. 02-C-0673-W in the United States District Court for the Northern District of Alabama.

3.      After reviewing the lists of opt-ins provided by Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., I prepared a chart depicting, among other things, the total number of opt-in plaintiff consents that were filed with the court, from each state and from Canada. A true and correct copy of the chart I prepared is attached to this Declaration as Exhibit 1.

4.      I declare under penalty of perjury under the laws of the United States and the
State of Texas that the foregoing is true and correct and that this Declaration was executed in
Dallas, Texas on June 17th, 2004."

Tamera Burleson

# OPT IN CHART

| | Total No. of Store Mngrs | May 21, 2004 Consents | April 5, 2004 Consents | June 4, 2004 Consents | Total No. of Consents from Each State |
|---|---|---|---|---|---|
| AL | 1017 | 78 | 78 | 0 | 156 |
| AR | 732 | 71 | 156 | 3 | 230 |
| AZ | | 3 | 1 | 0 | 4 |
| CA | | 7 | 7 | 0 | 14 |
| CO | | 3 | 1 | 0 | 4 |
| DE | 82 | 7 | 17 | 0 | 24 |
| FL | 1307 | 115 | 213 | 7 | 335 |
| GA | 1358 | 107 | 213 | 6 | 326 |
| HI | | 1 | 0 | 0 | 1 |
| IA | 351 | 27 | 47 | 3 | 77 |
| IL | 713 | 43 | 100 | 1 | 144 |
| IN | 749 | 51 | 109 | 3 | 163 |
| ID | | 1 | 0 | 0 | 1 |
| KS | 474 | 42 | 66 | 1 | 109 |
| KY | 704 | 48 | 98 | 0 | 146 |
| LA | 759 | 54 | 153 | 9 | 216 |
| MA | | 0 | 2 | 0 | 2 |
| MD | 238 | 24 | 34 | 2 | 60 |
| MI | 250 | 17 | 39 | 2 | 58 |
| MN | | 1 | 1 | 0 | 2 |
| MO | 753 | 50 | 105 | 3 | 158 |
| MS | 763 | 62 | 162 | 5 | 229 |
| MT | | 1 | 0 | 0 | 1 |
| NC | 1247 | 116 | 160 | 3 | 279 |
| NE | 203 | 17 | 19 | 0 | 36 |
| NH | | 1 | 0 | 0 | 1 |
| NJ | 48 | 7 | 11 | 0 | 18 |
| NM | | 0 | 3 | 0 | 3 |
| NV | | 0 | 2 | 0 | 2 |
| NY | 312 | 30 | 54 | 1 | 85 |
| OH | 1111 | 85 | 177 | 2 | 264 |
| OK | 766 | 58 | 126 | 4 | 188 |
| PA | 923 | 90 | 147 | 7 | 244 |
| SC | 825 | 56 | 112 | 3 | 171 |
| TN | 1094 | 65 | 159 | 3 | 227 |
| TX | 3005 | 300 | 436 | 11 | 747 |
| UT | | 0 | 1 | 0 | 1 |
| VA | | 54 | 94 | 5 | 153 |
| WA | | 1 | 2 | 0 | 3 |
| WI | | 2 | 3 | 0 | 5 |
| WV | 239 | 15 | 38 | 1 | 54 |
| WY | | 1 | 0 | 0 | 1 |
| | | | | | |
| Canada | | 1 | 0 | 0 | 1 |
| | | | | | |
| TOTAL | 20023 | 1712 | 3146 | 85 | 4943 |

# EXHIBIT "H"

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **OKLAHOMA WESTERN** | | | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 2,273 | 2,128 | 2,300 | 2,579 | 2,296 | 2,215 | | |
| | Terminations | | 2,234 | 2,185 | 2,197 | 2,582 | 2,270 | 2,254 | | |
| | Pending | | 1,586 | 1,560 | 1,620 | 1,506 | 1,499 | 1,501 | | |
| | % Change in Total Filings | Over Last Year | | 6.8 | | | | | 23 | 3 |
| | | Over Earlier Years | | | -1.2 | -11.9 | -1.0 | 2.6 | 58 | 6 |
| | Number of Judgeships | | 6 | 6 | 6 | 6 | 6 | 6 | | |
| | Vacant Judgeship Months** | | .0 | 4.0 | 24.0 | 21.4 | 4.5 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 379 | 354 | 383 | 430 | 383 | 369 | 68 | 6 |
| | | Civil | 329 | 313 | 349 | 399 | 342 | 332 | 50 | 3 |
| | | Criminal Felony | 37 | 29 | 34 | 31 | 41 | 37 | 85 | 8 |
| | | Supervised Release Hearings** | 13 | 12 | - | - | - | - | 62 | 6 |
| | Pending Cases | | 264 | 260 | 270 | 251 | 250 | 250 | 85 | 7 |
| | Weighted Filings** | | 381 | 335 | 373 | 373 | 367 | 370 | 76 | 6 |
| | Terminations | | 372 | 364 | 366 | 430 | 378 | 376 | 66 | 6 |
| | Trials Completed | | 17 | 14 | 19 | 17 | 22 | 28 | 55 | 8 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 6.4 | 7.1 | 6.1 | 6.6 | 6.0 | 5.0 | 27 | 4 |
| | | Civil** | 8.9 | 8.9 | 7.6 | 6.6 | 7.8 | 7.8 | 30 | 2 |
| | From Filing to Trial** (Civil Only) | | 16.8 | 14.0 | 12.0 | 11.0 | 13.7 | 11.5 | 12 | 2 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 15 | 26 | 24 | 20 | 9 | 10 | | |
| | | Percentage | 1.0 | 1.8 | 1.6 | 1.4 | .7 | .7 | 8 | 1 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.3 | 1.2 | 1.4 | 1.3 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 22.58 | 27.48 | 36.02 | 39.65 | 35.04 | 30.95 | | |
| | | Percent Not Selected or Challenged | 22.4 | 30.1 | 42.9 | 49.4 | 43.3 | 38.9 | | |

| 2003 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1974 | 190 | 3 | 459 | 13 | 95 | 46 | 273 | 245 | 43 | 419 | - | 188 |
| Criminal* | 219 | 11 | 4 | 47 | 1 | 6 | 65 | ** | 10 | 33 | - | 11 | 31 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **GEORGIA SOUTHERN** | | | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,421 | 1,363 | 1,326 | 1,508 | 2,840 | 1,424 | | |
| | Terminations | | 1,304 | 1,318 | 1,480 | 2,110 | 2,349 | 1,560 | | |
| | Pending | | 1,022 | 928 | 901 | 1,046 | 1,643 | 961 | | |
| | % Change in Total Filings | Over Last Year | | 4.3 | | | | | 37 | 2 |
| | | Over Earlier Years | | | 7.2 | -5.8 | -50.0 | -.2 | 66 | 5 |
| Number of Judgeships | | | 3 | 3 | 3 | 3 | 3 | 3 | | |
| Vacant Judgeship Months** | | | .0 | .0 | .0 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 474 | 454 | 442 | 503 | 947 | 475 | 46 | 7 |
| | | Civil | 377 | 368 | 376 | 451 | 898 | 425 | 38 | 6 |
| | | Criminal Felony | 74 | 71 | 66 | 52 | 49 | 50 | 45 | 5 |
| | | Supervised Release Hearings** | 23 | 15 | - | - | - | - | 33 | 3 |
| | Pending Cases | | 341 | 309 | 300 | 349 | 548 | 320 | 64 | 8 |
| | Weighted Filings** | | 436 | 456 | 454 | 389 | 460 | 455 | 62 | 8 |
| | Terminations | | 435 | 439 | 493 | 703 | 783 | 520 | 45 | 7 |
| | Trials Completed | | 20 | 26 | 30 | 32 | 30 | 41 | 44 | 7 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 5.9 | 5.5 | 5.1 | 5.5 | 5.0 | 6.0 | 13 | 1 |
| | | Civil** | 9.2 | 8.4 | 9.9 | 3.5 | 3.5 | 8.9 | 34 | 5 |
| | From Filing to Trial** (Civil Only) | | 30.0 | 19.0 | 16.0 | 19.5 | 19.5 | 15.0 | 71 | 9 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 6 | 9 | 28 | 10 | 0 | 4 | | |
| | | Percentage | .7 | 1.2 | 3.7 | 1.1 | .0 | .5 | 5 | 1 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.6 | 1.5 | 1.4 | 1.6 | 1.8 | | |
| | Jurors | Avg. Present for Jury Selection | 33.07 | 28.66 | 28.89 | 32.12 | 25.60 | 25.06 | | |
| | | Percent Not Selected or Challenged | 38.5 | 29.4 | 21.0 | 31.6 | 17.2 | 12.1 | | |

| 2003 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1132 | 74 | 2 | 558 | 17 | 14 | 33 | 80 | 170 | 6 | 132 | - | 46 |
| Criminal* | 220 | 6 | 4 | 68 | 1 | 11 | 63 | ** | 7 | 25 | 2 | 9 | 24 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| ALABAMA NORTHERN | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | | |
| OVERALL CASELOAD STATISTICS | Filings* | | 4,091 | 3,988 | 3,935 | 4,064 | 4,117 | 6,969 | U.S. | Circuit |
| | Terminations | | 3,763 | 3,982 | 3,965 | 4,966 | 24,084 | 5,902 | | |
| | Pending | | 3,716 | 3,363 | 3,357 | 3,380 | 4,269 | 24,310 | | |
| | % Change in Total Filings | Over Last Year | | 2.6 | | | | | 43 | 4 |
| | | Over Earlier Years | | | 4.0 | .7 | -.6 | -41.3 | 92 | 9 |
| | Number of Judgeships | | 8 | 7 | 7 | 7 | 7 | 7 | | |
| | Vacant Judgeship Months** | | 14.7 | 4.5 | 12.0 | 10.4 | 2.1 | 24.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 512 | 570 | 562 | 581 | 588 | 996 | 29 | 3 |
| | | Civil | 445 | 489 | 507 | 531 | 542 | 956 | 18 | 3 |
| | | Criminal Felony | 58 | 73 | 55 | 50 | 46 | 40 | 63 | 9 |
| | | Supervised Release Hearings** | 9 | 8 | - | - | - | - | 77 | 8 |
| | Pending Cases | | 465 | 480 | 480 | 483 | 610 | 3,473 | 23 | 2 |
| | Weighted Filings** | | 602 | 657 | 610 | 590 | 567 | 558 | 21 | 3 |
| | Terminations | | 470 | 569 | 566 | 709 | 3,441 | 843 | 37 | 4 |
| | Trials Completed | | 18 | 24 | 24 | 24 | 29 | 24 | 52 | 8 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 6.0 | 5.4 | 5.1 | 5.0 | 5.1 | 4.6 | 16 | 2 |
| | | Civil** | 9.5 | 9.3 | 9.8 | 12.6 | 37.0 | 18.7 | 40 | 8 |
| | From Filing to Trial** (Civil Only) | | 18.4 | 18.4 | 17.0 | 22.5 | 22.7 | 19.8 | 22 | 4 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 131 | 97 | 89 | 69 | 292 | 11,171 | | |
| | | Percentage | 3.9 | 3.2 | 2.9 | 2.2 | 7.2 | 46.3 | 53 | 7 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.4 | 1.2 | 1.4 | 1.4 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 35.86 | 32.88 | 40.92 | 28.70 | 21.52 | 44.13 | | |
| | | Percent Not Selected or Challenged | 35.9 | 32.8 | 52.8 | 27.4 | 29.2 | 49.8 | | |

| 2003 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3559 | 353 | 4 | 669 | 18 | 25 | 236 | 376 | 510 | 31 | 934 | 1 | 402 |
| Criminal* | 460 | 20 | 14 | 194 | 4 | 14 | 72 | ** | 15 | 73 | 1 | 10 | 43 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| OHIO SOUTHERN | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 3,254 | 3,482 | 3,101 | 3,717 | 3,483 | 3,528 | U.S. | Circuit |
| | Terminations | | 3,292 | 3,224 | 3,192 | 3,827 | 3,800 | 3,514 | | |
| | Pending | | 3,501 | 3,568 | 3,392 | 3,474 | 3,566 | 3,948 | | |
| | % Change in Total Filings | Over Last Year | | -6.6 | | | | | 72 | 8 |
| | | Over Earlier Years | | | 4.9 | -12.5 | -6.6 | -7.8 | 78 | 7 |
| | Number of Judgeships | | 8 | 8 | 8 | 8 | 8 | 8 | | |
| | Vacant Judgeship Months** | | 5.5 | 14.6 | .0 | .0 | .0 | 1.3 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 407 | 435 | 388 | 465 | 435 | 441 | 61 | 6 |
| | | Civil | 338 | 363 | 347 | 422 | 392 | 390 | 48 | 6 |
| | | Criminal Felony | 48 | 46 | 41 | 43 | 43 | 51 | 73 | 7 |
| | | Supervised Release Hearings** | 21 | 26 | - | - | - | - | 39 | 5 |
| | Pending Cases | | 438 | 446 | 424 | 434 | 446 | 494 | 34 | 5 |
| | Weighted Filings** | | 457 | 473 | 414 | 429 | 450 | 491 | 56 | 6 |
| | Terminations | | 412 | 403 | 399 | 478 | 475 | 439 | 54 | 6 |
| | Trials Completed | | 17 | 16 | 11 | 13 | 17 | 22 | 55 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 7.4 | 7.7 | 7.2 | 7.2 | 7.8 | 6.5 | 40 | 5 |
| | | Civil** | 11.9 | 11.3 | 11.4 | 12.9 | 14.6 | 11.0 | 81 | 7 |
| | From Filing to Trial** (Civil Only) | | 25.7 | 23.0 | 25.7 | 26.0 | 22.0 | 26.6 | 61 | 7 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 201 | 206 | 244 | 205 | 185 | 338 | | |
| | | Percentage | 6.4 | 6.4 | 7.9 | 6.4 | 5.6 | 9.3 | 75 | 8 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.4 | 1.4 | 1.4 | 1.5 | 1.8 | | |
| | Jurors | Avg. Present for Jury Selection | 31.92 | 38.70 | 32.86 | 36.80 | 34.55 | 31.16 | | |
| | | Percent Not Selected or Challenged | 37.2 | 33.4 | 33.8 | 30.5 | 32.4 | 33.0 | | |

| 2003 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2704 | 275 | 8 | 357 | 59 | 23 | 342 | 325 | 266 | 84 | 685 | 3 | 277 |
| Criminal* | 380 | 9 | 20 | 84 | 1 | 23 | 98 | ** | 15 | 92 | 1 | 9 | 28 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **TENNESSEE MIDDLE** | | | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | Numerical Standing | |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,928 | 1,775 | 2,198 | 1,735 | 1,772 | 1,730 | U.S. | Circuit |
| | Terminations | | 1,971 | 1,895 | 1,720 | 1,718 | 1,642 | 1,666 | | |
| | Pending | | 1,979 | 2,022 | 2,146 | 1,678 | 1,669 | 1,547 | | |
| | % Change in Total Filings | Over Last Year | | 8.6 | | | | | 16 | 1 |
| | | Over Earlier Years | | | -12.3 | 11.1 | 8.8 | 11.4 | 38 | 2 |
| | Number of Judgeships | | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 1.5 | 9.0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 482 | 445 | 550 | 434 | 443 | 433 | 40 | 3 |
| | | Civil | 398 | 372 | 499 | 383 | 394 | 394 | 31 | 3 |
| | | Criminal Felony | 65 | 60 | 51 | 51 | 49 | 39 | 52 | 5 |
| | | Supervised Release Hearings** | 19 | 13 | - | - | - | - | 44 | 6 |
| | Pending Cases | | 495 | 506 | 537 | 420 | 417 | 387 | 17 | 2 |
| | Weighted Filings** | | 561 | 550 | 629 | 482 | 478 | 438 | 30 | 2 |
| | Terminations | | 493 | 474 | 430 | 430 | 411 | 417 | 32 | 4 |
| | Trials Completed | | 39 | 34 | 34 | 39 | 32 | 33 | 3 | 1 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 10.3 | 10.9 | 10.3 | 9.3 | 9.3 | 9.1 | 82 | 9 |
| | | Civil** | 12.5 | 10.0 | 10.6 | 9.6 | 9.8 | 8.6 | 87 | 8 |
| | From Filing to Trial** (Civil Only) | | 27.0 | 26.0 | 27.3 | 33.0 | 25.8 | 21.5 | 67 | 8 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 57 | 56 | 69 | 72 | 73 | 60 | | |
| | | Percentage | 3.4 | 3.1 | 3.6 | 4.8 | 4.9 | 4.3 | 50 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.9 | 2.0 | 1.6 | 1.6 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 34.92 | 30.11 | 27.46 | 29.76 | 22.35 | 26.92 | | |
| | | Percent Not Selected or Challenged | 31.5 | 22.2 | 25.7 | 26.3 | 7.0 | 13.8 | | |

| 2003 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1590 | 71 | 6 | 332 | 31 | 12 | 151 | 222 | 174 | 61 | 432 | 2 | 96 |
| Criminal* | 258 | 30 | 4 | 75 | 2 | 4 | 76 | ** | 8 | 32 | 1 | 16 | 10 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not
\*\* See "Explanation of Selected Terms."

# EXHIBIT "I"

## DISTRIBUTION OF PENDING MDL DOCKETS
### (AS OF MAY 17, 2004)

| District | JUDGE | LITIGATION | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| ALM | C.J. U.W. Clemon (ALN) | MDL-1130 In re Consolidated "Non-Filing Insurance" Fee Litigation | 6 | 26 |
| ARE | D.J. William R. Wilson, Jr. | MDL-1507 In re Prempro Products Liability Litigation | 228 | 229 |
| AZ | Sr.J. Paul G. Rosenblatt | MDL-1541 In re Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 4 |
| | Sr.J. Roger G. Strand | MDL-972 In re Diamond Benefits Life Insurance Company & American Universal Insurance Company Contracts Litigation | 2 | 10 |
| CAC | D.J. Gary Feess | MDL-1394 In re Air Crash at Taipei, Taiwan, on October 31, 2000 | 74 | 98 |
| | D.J. Terry J. Hatter, Jr. | MDL-1483 In re Qwest Communications Corp. Payphone Service Providers Compensation Litigation | 32 | 35 |
| | Sr.J. Spencer Letts | MDL-1216 In re Compact Disc Antitrust Litigation | 3 | 5 |
| | D.J. Ronald S.W. Lew | MDL-1581 In re America Online Spin-Off Accounts Litigation | 9 | 9 |
| | Sr.J. Mariana R. Pfaelzer | MDL-1327 In re Mattel, Inc., Securities Litigation | 22 | 24 |
| | Sr.J. Mariana R. Pfaelzer | MDL-1574 In re Paxil Products Liability Litigation | 55 | 55 |
| | D.J. Manuel L. Real | MDL-1060 In re Baxter Healthcare Corp. Gammagard Products Liability Litigation | 1 | 139 |
| | D.J. Manuel L. Real | MDL-1601 In re StarMed Health Personnel, Inc., Fair Labor Standards Act Litigation | 2 | 2 |
| | D.J. Dickran M. Tevrizian, Jr. | MDL-1475 In re Heritage Bonds Litigation | 5 | 5 |
| CAN | D.J. Jeremy D. Fogel | MDL-1257 In re Cable News Network and Time Magazine "Operation Tailwind" Litigation | 2 | 8 |
| | D.J. Phyllis J. Hamilton | MDL-1486 In re Dynamic Random Access Memory (DRAM) Antitrust Litigation | 16 | 16 |
| | C.J. Marilyn Hall Patel | MDL-1369 In re Napster, Inc., Copyright Litigation | 5 | 17 |
| | D.J. Vaughn R. Walker | MDL-1300 In re Patriot American Hospitality Securities Litigation | 9 | 9 |
| | D.J. James Ware | MDL-1527 In re Cisco Systems, Inc., Securities & Derivative Litigation | 2 | 2 |
| | D.J. Ronald M. Whyte | MDL-1423 In re Cygnus Telecommunications Technology, LLC, Patent Litigation | 13 | 22 |
| CAS | D.J. Napoleon A. Jones, Jr. | MDL-1296 In re Alliance Equipment Lease Program Securities Litigation | 10 | 27 |
| | D.J. Robert H. Whaley (WAE) | MDL-1405 In re California Wholesale Electricity Antitrust Litigation | 3 | 23 |
| CT | Sr.J. Alfred V. Covello | MDL-1568 In re Parcel Tanker Shipping Services Antitrust Litigation | 9 | 10 |
| | Sr.J. Peter C. Dorsey | MDL-1542 In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation | 13 | 13 |
| | Sr.J. Warren W. Eginton | MDL-1572 In re Air Crash Near Castellon, Spain, on October 10, 2001 | 8 | 8 |
| | Sr.J. Gerard L. Goettel | MDL-1505 In re Cardiac Devices Qui Tam Litigation | 35 | 35 |
| | D.J. Alvin W. Thompson | MDL-1463 In re Xerox Corp. Securities Litigation | 22 | 22 |

| | | | Pending | Number of Actions |
|---|---|---|---|---|
| DC | D.J. Paul L. Friedman | MDL-1279  In re Tobacco/Governmental Health Care Costs Litigation | 3 | 36 |
| | C.J. Thomas F. Hogan | MDL-1285  In re Vitamin Antitrust Litigation | 22 | 82 |
| | C.J. Thomas F. Hogan | MDL-1290  In re Lorazepam & Clorazepate Antitrust Litigation | 3 | 14 |
| | Withheld | MDL-1307  UNDER SEAL | 3 | 30 |
| | D.J. Richard J. Leon | MDL-1515  In re Nifedipine Antitrust Litigation | 10 | 10 |
| | D.J. Ricardo M. Urbina | MDL-1271  In re U.S. Office Products Co. Securities Litigation | 13 | 17 |
| FLM | D.J. Gregory A. Presnell | MDL-1510  In re Daewoo Motor Co., Ltd., Dealership Litigation | 19 | 19 |
| FLN | Sr.J. Maurice M. Paul | MDL-1519  In re The Progressive Corporation Insurance Underwriting & Rating Practices Litigation | 6 | 6 |
| FLS | D.J. Federico A. Moreno | MDL-1334  In re Managed Care Litigation | 13 | 105 |
| | Sr.J. Kenneth L. Ryskamp | MDL-1141  In re Phonometrics, Inc., Electronic Long Distance Call Cost Computer and Recorder Patent Litigation | 5 | 22 |
| | D.J. Patricia A. Seitz | MDL-1317  In re Terazosin Hydrochloride Antitrust Litigation | 7 | 25 |
| GAN | D.J. Julie E. Carnes | MDL-1424  In re Delta Airlines, Inc., "ERISA" Litigation | 2 | 5 |
| | Sr.J. J. Owen Forrester | MDL-1517  In re The Gator Corporation Software Trademark & Copyright Litigation | 13 | 13 |
| | D.J. Willis B. Hunt, Jr. | MDL-1274  In re Gemstar Development Corporation Patent Litigation | 7 | 13 |
| | D.J. Harold L. Murphy | MDL-1467  In re Tri-State Crematory Litigation | 5 | 6 |
| ILC | D.J. Michael M. Mihm | MDL-1087  In re Corn Sweeteners Antitrust Litigation | 1 | 38 |

| District | Judge | MDL No. / Caption | | Number of Actions |
|---|---|---|---|---|
| ILN | D.J. Wayne R. Andersen | MDL-1412 | In re America Online, Inc., Version 6.0 Software Litigation | 3 | 3 |
| | Sr.J. Marvin E. Aspen | MDL-1425 | In re Aimster Copyright Litigation | 11 | 11 |
| | D.J. David H. Coar | MDL-1536 | In re Sulfuric Acid Antitrust Litigation | 7 | 7 |
| | D.J. Robert W. Gettleman | MDL-1350 | In re Trans Union Corp. Privacy Litigation | 13 | 13 |
| | Sr.J. John F. Grady | MDL-986 | In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation | 5 | 255 |
| | Sr.J. John F. Grady | MDL-1521 | In re Wireless Telephone 911 Calls Litigation | 10 | 10 |
| | D.J. Matthew F. Kennelly | MDL-1437 | In re McDonald's Corp. Promotional Games Litigation | 3 | 16 |
| | C.J. Charles P. Kocoras | MDL-997 | In re Brand-Name Prescription Drugs Antitrust Litigation | 14 | 183 |
| | Sr.J. James B. Moran | MDL-1403 | In re StarLink Corn Products Liability Litigation | 3 | 30 |
| | Sr.J. James B. Moran | MDL-1417 | In re Amsted Industries Inc. "ERISA" Litigation | 20 | 20 |
| | D.J. Charles R. Norgle, Sr. | MDL-1491 | In re African-American Slave Descendants Litigation | 9 | 9 |
| | D.J. Charles R. Norgle, Sr. | MDL-1604 | In re Ocwen Federal Bank FSB Mortgage Servicing Litigation | 10 | 10 |
| | D.J. Amy J. St. Eve | MDL-1525 | In re MLR, LLC, Patent Litigation | 3 | 3 |
| | D.J. James B. Zagel | MDL-899 | In re Mortgage Escrow Deposit Litigation | 4 | 75 |
| | D.J. James B. Zagel | MDL-1392 | In re General Motors Corporation Vehicle Paint Litigation (No. III) | 2 | 3 |
| ILS | C.J. G. Patrick Murphy | MDL-1562 | In re General Motors Corp. Dex-Cool Products Liability Litigation | 6 | 6 |
| INS | D.J. Sarah E. Barker | MDL-1310 | In re Bromine Antitrust Litigation | 1 | 12 |
| | D.J. Sarah E. Barker | MDL-1373 | In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation | 201 | 786 |
| | D.J. David F. Hamilton | MDL-1313 | In re AT&T Corp. Fiber Optic Cable Installation Litigation | 31 | 31 |
| KS | C.J. John W. Lungstrum | MDL-1468 | In re Universal Service Fund Telephone Billing Practices Litigation | 63 | 68 |
| KYW | D.J. Thomas B. Russell | MDL-1466 | In re PrimeVision Health, Inc., Contract Litigation | 10 | 10 |
| LAE | D.J. Carl J. Barbier | MDL-1382 | In re Unitrin, Inc., Industrial Life Insurance Litigation | 69 | 88 |
| | D.J. Eldon E. Fallon | MDL-1355 | In re Propulsid Products Liability Litigation | 360 | 434 |
| | D.J. Martin L.C. Feldman | MDL-1371 | In re Monumental Life Insurance Company Industrial Life Insurance Litigation | 11 | 14 |
| | D.J. Martin L.C. Feldman | MDL-1390 | In re Life Insurance Co. of Georgia Industrial Life Insurance Litigation | 100 | 108 |
| | D.J. Martin L.C. Feldman | MDL-1391 | In re American National Insurance Co. Industrial Life Insurance Litigation | 3 | 4 |
| | D.J. Martin L.C. Feldman | MDL-1395 | In re Western & Southern Life Insurance Co. Industrial Life Insurance Litigation | 7 | 8 |
| | D.J. Jay C. Zainey | MDL-1531 | In re Train Derailment Near Amite, Louisiana, on October 12, 2002 | 39 | 42 |

| District | Judge | MDL | Pending | Number of Actions |
|---|---|---|---|---|
| MA | Sr.J. Edward F. Harrington | MDL-1143 In re Mutual Life Insurance Company of New York Premium Litigation | 17 | 23 |
| | Sr.J. Robert E. Keeton | MDL-1105 In re New England Mutual Life Insurance Company Sales Practices Litigation | 4 | 31 |
| | Sr.J. Robert E. Keeton | MDL-1354 In re Citigroup, Inc., Capital Accumulation Plan Litigation | 7 | 14 |
| | D.J. Patti B. Saris | MDL-1376 In re Zonolite Attic Insulation Products Liability Litigation | 5 | 6 |
| | D.J. Patti B. Saris | MDL-1456 In re Pharmaceutical Industry Average Wholesale Price Litigation | 23 | 49 |
| | D.J. Richard G. Stearns | MDL-1430 In re Lupron Marketing and Sales Practices Litigation | 10 | 16 |
| | D.J. Joseph L. Tauro | MDL-1400 In re Pharmatrak, Inc., Privacy Litigation | 1 | 7 |
| | D.J. Joseph L. Tauro | MDL-1522 In re Air Crash Near Edgartown, Massachusetts, on October 6, 2000 | 5 | 5 |
| | D.J. Douglas P. Woodlock | MDL-1543 In re Carbon Black Antitrust Litigation | 13 | 13 |
| | D.J. Mark L. Wolf | MDL-1592 In re Columbia University Patent Litigation | 8 | 8 |
| | D.J. Rya W. Zobel | MDL-1380 In re Xcelera.com Inc. Securities Litigation | 20 | 20 |
| | D.J. Rya W. Zobel | MDL-1461 In re Shell Oil Products Co. Dealer Franchise Litigation | 3 | 3 |
| MD | D.J. Catherine C. Blake | MDL-1421 In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation | 9 | 17 |
| | D.J. Catherine C. Blake | MDL-1539 In re Royal Ahold N.V. Securities & "ERISA" Litigation | 36 | 36 |
| | D.J. Andre M. Davis | MDL-1110 In re Second Chance Body Armor, Inc., Advertising Litigation | 2 | 9 |
| | D.J. Andre M. Davis | MDL-1518 In re Allegheny Energy, Inc., Securities Litigation | 16 | 16 |
| | C.J. Benson Everett Legg | MDL-1387 In re ProteGen Sling and Vesica System Products Liability Litigation | 575 | 577 |
| | D.J. J. Frederick Motz | MDL-1332 In re Microsoft Corp. Windows Operating Systems Antitrust Litigation | 58 | 109 |
| | D.J. J. Frederick Motz | MDL-1586 In re Mutual Funds Investment Litigation | 325 | 325 |
| | D.J. Andre M. Davis, D.J. Catherine C. Blake and D.J. Frederick P. Stamp, Jr.(WVN) Sr.J. William M. Nickerson | MDL-1388 In re Cruciferous Sprout Patent Litigation | 3 | 6 |
| ME | D.J. D. Brock Hornby | MDL-1361 In re Compact Disc Minimum Advertised Price Antitrust Litigation | 1 | 54 |
| | D.J. D. Brock Hornby | MDL-1532 In re New Motor Vehicles Canadian Export Antitrust Litigation | 26 | 26 |
| MIE | D.J. Nancy G. Edmunds | MDL-1278 In re Cardizem CD Antitrust Litigation | 3 | 25 |
| MIW | D.J. David W. McKeague | MDL-1122 In re Jackson National Life Insurance Company Premium Litigation | 5 | 14 |

| District | Judge | Litigation | Civil Actions | Actions |
|---|---|---|---|---|
| MN | Sr.J. Michael J. Davis | MDL-1431 In re Baycol Products Liability Litigation | 6,072 | 8,058 |
| | Sr.J. David S. Doty | MDL-1511 In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation | 16 | 16 |
| | Sr.J. Paul A. Magnuson | MDL-1309 In re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation | 7 | 7 |
| | Sr.J. Paul A. Magnuson | MDL-1328 In re Monosodium Glutamate Antitrust Litigation | 4 | 14 |
| | Sr.J. Paul A. Magnuson | MDL-1355 In re Operation of the Missouri River System Litigation | 6 | 6 |
| | D.J. John R. Tunheim | MDL-1396 In re St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation | 48 | 51 |
| MOE | D.J. Catherine D. Perry | MDL-1179 In re General American Life Insurance Company Sales Practices Litigation | 19 | 38 |
| | D.J. Charles A. Shaw | MDL-1506 In re Charter Communications, Inc., Securities Litigation | 2 | 15 |
| MOW | D.J. Fernando J. Gaitan, Jr. | MDL-1559 In re Wireless Telephone Federal Cost Recovery Fees Litigation | 26 | 26 |
| NCE | Sr.J. W. Earl Britt | MDL-1132 In re Exterior Insulation Finish System (EIFS) Products Liability Litigation | 24 | 100 |
| NCW | C.J. Graham C. Mullen | MDL-1558 In re Air Crash at Charlotte International Airport on January 8, 2003 | 8 | 8 |
| | D.J. Richard L. Voorhees | MDL-1516 In re Polyester Staple Antitrust Litigation | 22 | 31 |
| NE | D.J. Laurie Smith Camp | MDL-1597 In re Union Pacific Railroad Co. Employment Practices Litigation | 4 | 4 |
| NH | C.J. Paul J. Barbadoro | MDL-1335 In re Tyco International, Ltd., Securities, Derivative and "ERISA" Litigation | 54 | 94 |
| NJ | D.J. William G. Bassler | MDL-1337 In re Holocaust Era German Industry, Bank & Insurance Litigation | 4 | 58 |
| | D.J. Garrett E. Brown, Jr. | MDL-1399 In re AT&T Corp. Securities Litigation | 2 | 28 |
| | D.J. Joseph A. Greenaway, Jr. | MDL-1419 In re K-Dur Antitrust Litigation | 4 | 44 |
| | D.J. Faith S. Hochberg | MDL-1445 In re Mirtazapine Patent Litigation | 8 | 13 |
| | Sr.J. John C. Lifland | MDL-1384 In re Gabapentin Patent Litigation | 14 | 14 |
| | Sr.J. John C. Lifland | MDL-1479 In re Neurontin Antitrust Litigation | 22 | 22 |
| | D.J. William J. Martini | MDL-1540 In re MOSAID Technologies, Inc., Patent Litigation | 2 | 2 |
| | D.J. Jerome B. Simandle | MDL-1514 In re Electrical Carbon Products Antitrust Litigation | 16 | 23 |
| | Sr.J. Anne E. Thompson | MDL-1471 In re Compensation of Managerial, Professional and Technical Employees Antitrust Litigation | 4 | 4 |
| | D.J. William H. Walls | MDL-1292 In re Cendant Corporation Securities Litigation | 5 | 18 |
| | D.J. William H. Walls | MDL-1550 In re IDT Corp. Calling Card Terms Litigation | 3 | 3 |
| | D.J. Alfred M. Wolin | MDL-1061 In re The Prudential Insurance Company of America Sales Practices Litigation | 2 | 341 |
| NV | Sr.J. Lloyd D. George | MDL-1357 In re NOS Communications, Inc., Billing Practices Litigation | 8 | 8 |
| | C.J. Philip M. Pro | MDL-1566 In re Western States Wholesale Natural Gas Antitrust Litigation | 13 | 13 |

| | JUDGE | LITIGATION | | Total Number of Actions |
|---|---|---|---|---|
| NYE | D.J. Carol Bagley Amon | MDL-1587 In re JetBlue Airways Corp. Privacy Litigation | 14 | 14 |
| | D.J. Frederic Block | MDL-1344 In re Air Crash Near Nantucket Island, Massachusetts, on October 31, 1999 | 1 | 98 |
| | D.J. John Gleeson | MDL-1059 In re MTC Technologies Company Ltd. Securities Litigation | 3 | 14 |
| | D.J. John Gleeson | MDL-1575 In re Visa/MasterCard Antitrust Litigation | 7 | 7 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-799 In re Air Disaster at Lockerbie, Scotland, on December 21, 1988 | 39 | 297 |
| | D.J. Arthur D. Spatt | MDL-1208 In re Sterling Foster & Co., Inc., Securities Litigation | 7 | 13 |
| | D.J. David G. Trager | MDL-1383 In re Ciprofloxacin Hydrochloride Antitrust Litigation | 26 | 35 |
| | Sr.J. Jack B. Weinstein | MDL-381 In re "Agent Orange" Products Liability Litigation | 19 | 615 |
| | Sr.J. Jack B. Weinstein | MDL-1596 In re Zyprexa Products Liability Litigation | 8 | 8 |

| District | Judge | MDL | Title | Pending Actions | Total Actions |
|---|---|---|---|---|---|
| NYS | D.J. Richard M. Berman | MDL-1339 | In re United Parcel Service, Inc., Excess Value Insurance Coverage Litigation | 23 | 26 |
| | D.J. Charles L. Brieant | MDL-1368 | In re High Pressure Laminate Antitrust Litigation | 13 | 37 |
| | D.J. Charles L. Brieant | MDL-1508 | In re Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation | 17 | 17 |
| | D.J. Richard C. Casey | MDL-1570 | In re Terrorist Attacks on September 11, 2001 | 11 | 12 |
| | D.J. Denise Cote | MDL-1487 | In re WorldCom, Inc., Securities & "ERISA" Litigation | 130 | 130 |
| | D.J. Denise Cote | MDL-1513 | In re Wireless Telephone Services Antitrust Litigation | 5 | 5 |
| | D.J. George B. Daniels | MDL-1379 | In re Literary Works in Electronic Databases Copyright Litigation | 4 | 4 |
| | D.J. George B. Daniels | MDL-1443 | In re America Online, Inc., Community Leaders Litigation | 3 | 3 |
| | Sr.J. Thomas P. Griesa | MDL-1336 | In re Abercrombie & Fitch Co. Securities Litigation | 20 | 20 |
| | D.J. Barbara S. Jones | MDL-1291 | In re Omeprazole Patent Litigation | 11 | 20 |
| | D.J. Lewis A. Kaplan | MDL-1348 | In re Rezulin Products Liability Litigation | 1,143 | 1,261 |
| | D.J. John G. Koeltl | MDL-1413 | In re Buspirone Antitrust Litigation | 22 | 34 |
| | Sr.J. Shirley Wohl Kram | MDL-1495 | In re Enterprise Mortgage Acceptance Co., LLC, Securities Litigation | 13 | 13 |
| | Sr.J. Shirley Wohl Kram | MDL-1500 | In re AOL Time Warner Inc. Securities & "ERISA" Litigation | 33 | 34 |
| | D.J. Gerard E. Lynch | MDL-1472 | In re Global Crossing Ltd. Securities and "ERISA" Litigation | 21 | 88 |
| | Sr.J. Lawrence M. McKenna | MDL-1258 | In re Mezzonen S.A. Securities Litigation | 2 | 2 |
| | Sr.J. Lawrence M. McKenna | MDL-1529 | In re Adelphia Communications Corp. Securities & Derivative Litigation (No. II) | 57 | 57 |
| | C.J. Michael B. Mukasey | MDL-1230 | In re Philip Services Corporation Securities Litigation | 1 | 24 |
| | C.J. Michael B. Mukasey | MDL-1374 | In re Assicurazioni Generali S.p.A. Holocaust Era Insurance Litigation | 26 | 27 |
| | D.J. William H. Pauley III | MDL-1409 | In re Currency Conversion Fee Antitrust Litigation | 27 | 31 |
| | Sr.J. Milton Pollack | MDL-1484 | In re Merrill Lynch & Co., Inc., Research Reports Securities Litigation | 140 | 176 |
| | D.J. Jed S. Rakoff | MDL-1598 | In re Ephedra Products Liability Litigation | 79 | 79 |
| | D.J. Shira Ann Scheindlin | MDL-1358 | In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | 61 | 64 |
| | D.J. Shira Ann Scheindlin | MDL-1428 | In re Ski Train Fire in Kaprun, Austria, on November 11, 2000 | 9 | 19 |
| | D.J. Shira Ann Scheindlin | MDL-1554 | In re Initial Public Offering (IPO) Securities Litigation | 310 | 310 |
| | Sr.J. John E. Sprizzo | MDL-1153 | In re Bennett Funding Group, Inc., Securities Litigation (No. II) | 40 | 66 |
| | Sr.J. John E. Sprizzo | MDL-1499 | In re South African Apartheid Litigation | 13 | 14 |
| | Sr.J. John E. Sprizzo | MDL-1584 | In re Federal Home Loan Mortgage Corp. Securities & Derivative Litigation | 6 | 6 |
| | D.J. Sidney H. Stein | MDL-1603 | In re OxyContin Antitrust Litigation (No. II) | 31 | 31 |
| | Sr.J. Robert W. Sweet | MDL-1023 | In re NASDAQ Market-Maker Antitrust and Securities Litigation | 1 | 31 |
| | Sr.J. Robert W. Sweet | MDL-1064 | In re D. Blech & Company Securities Litigation | 5 | 10 |
| | Sr.J. Robert W. Sweet and Sr.J. John F. Keenan* | MDL-1448 | In re Air Crash at Belle Harbor, New York, on November 12, 2001 | 355 | 360 |

* Judge Keenan is assigned to actions in which Judge Sweet is recused.

| Dist. | Judge | Caption | Pending | Number of Actions |
|---|---|---|---|---|
| OHN | Sr.J David D. Dowd, Jr. | MDL-1593 In re Capital Consultants, LLC, "ERISA" Litigation | 5 | 5 |
| | D.J Peter C. Economus | MDL-1561 In re Travel Agent Commission Antitrust Litigation | 3 | 3 |
| | D.J James S. Gwin | MDL-1481 In re Meridia Products Liability Litigation | 85 | 91 |
| | D.J Donald C. Nugent | MDL-1488 In re Ford Motor Co. Panther Platform/Fuel Tank Design Products Liability Litigation | 24 | 30 |
| | D.J Kathleen McDonald O'Malley | MDL-1401 In re Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation | 17 | 429 |
| | D.J Kathleen McDonald O'Malley | MDL-1490 In re Commercial Money Center, Inc. Equipment Lease Litigation | 34 | 34 |
| | D.J Kathleen McDonald O'Malley | MDL-1535 In re Welding Rod Products Liability Litigation | 175 | 177 |
| OHS | C.J James L. Graham | MDL-1565 In re National Century Financial Enterprises, Inc., Investment Litigation | 14 | 14 |
| | D.J Edmund A. Sargus, Jr. | MDL-1315 In re SmarTalk TeleServices, Inc., Securities Litigation | 21 | 21 |
| OKW | D.J Stephen P. Friot | MDL-1564 In re Farmers Insurance Co., Inc., FCRA Litigation | 7 | 7 |
| | D.J Joe L. Heaton | MDL-1600 In re General Motors Corp. "Piston Slap" Products Liability Litigation | 8 | 8 |
| OR | Sr.J Robert E. Jones | MDL-1439 In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation | 6 | 9 |
| PAE | D.J Harvey Bartle III | MDL-1203 In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation | 2,632 | 5,603 |
| | D.J Michael M. Baylson | MDL-1498 In re Laughlin Products, Inc., Patent Litigation | 38 | 38 |
| | D.J Ronald L. Buckwalter | MDL-1014 In re Orthopedic Bone Screw Products Liability Litigation | 7 | 3,085 |
| | Sr.J Jan E. DuBois | MDL-1261 In re Linerboard Antitrust Litigation | 12 | 18 |
| | C.J James T. Giles | MDL-1269 In re Air Crash Near Peggy's Cove, Nova Scotia, on September 2, 1998 | 10 | 297 |
| | D.J J. Curtis Joyner | MDL-1273 In re LifeUSA Holdings, Inc., Annuity Contracts Sales Practices Litigation (No. II) | 1 | 4 |
| | D.J Bruce W. Kauffman | MDL-969 In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation | 8 | 14 |
| | Sr.J Edmund V. Ludwig | MDL-1148 In re Latex Gloves Products Liability Litigation | 2 | 619 |
| | Sr.J Thomas N. O'Neill, Jr. | MDL-1402 In re Microcrystalline Cellulose Antitrust Litigation | 10 | 17 |
| | D.J Richard Barclay Surrick | MDL-1426 In re Automotive Refinishing Paint Antitrust Litigation | 61 | 62 |
| | Sr.J Charles R. Weiner | MDL-875 In re Asbestos Products Liability Litigation (No. VI) | 32,356 | 107,471 |
| | Sr.J Charles R. Weiner | MDL-1244 In re Graphite Electrodes Antitrust Litigation (No. II) | 4 | 25 |
| PAM | C.J Thomas I. Vanaskie | MDL-1556 In re Pressure Sensitive Labelstock Antitrust Litigation | 10 | 11 |
| PAW | D.J Donetta W. Ambrose | MDL-1091 In re Metropolitan Life Insurance Co. Sales Practices Litigation | 21 | 145 |
| | D.J Donetta W. Ambrose | MDL-1200 In re Flat Glass Antitrust Litigation | 4 | 33 |

| District | Judge | Litigation | Filings | Actions |
|---|---|---|---|---|
| PR | St.J. Raymond L. Acosta | MDL-721 In re Fire Disaster at Dupont Plaza Hotel, San Juan, Puerto Rico, on December 31, 1986 | 1 | 286 |
| SC | C.J. Joseph F. Anderson, Jr. | MDL-1378 In re Safety-Kleen Corp. Securities Litigation | 2 | 21 |
|  | C.J. Joseph F. Anderson, Jr. | MDL-1397 In re Laidlaw Inc. Securities Litigation | 1 | 5 |
|  | Sr.J. Solomon Blatt, Jr. | MDL-1595 In re Electrical Receptacle Products Liability Litigation | 4 | 4 |
|  | D.J. Cameron McGowan Currie | MDL-1429 In re American General Life & Accident Insurance Co. Industrial Life Insurance Litigation | 83 | 131 |
| TNE | Sr.J. Matthew J. Perry, Jr. | MDL-865 In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II) | 2 | 973 |
|  | D.J. Curtis L. Collier | MDL-1552 In re UnumProvident Corp. Securities, Derivative & "ERISA" Litigation | 25 | 25 |
| TNM | Sr.J. John T. Nixon | MDL-1537 In re Nortel Networks Corp. "ERISA" Litigation | 3 | 3 |
|  | D.J. Aleta A. Trauger | MDL-1457 In re Allstate Insurance Co. Underwriting and Rating Practices Litigation | 9 | 9 |
| TNW | D.J. J. Daniel Breen | MDL-1551 In re Reciprocal of America (ROA) Sales Practices Litigation | 8 | 8 |
|  | D.J. Bernice Bouie Donald | MDL-1267 In re Edmondson Landfill and South 8th Street Landfill Superfund Site Litigation | 1 | 8 |
| TXE | D.J. Leonard E. Davis | MDL-1512 In re Electronic Data Systems Corp. Securities & "ERISA" Litigation | 29 | 29 |
|  | D.J. T. John Ward | MDL-1530 In re Fleming Companies Inc. Securities & Derivative Litigation | 19 | 19 |
| TXN | C.J. A. Joe Fish | MDL-1578 In re UICI "Association-Group" Insurance Litigation | 12 | 12 |
|  | D.J. Sidney A. Fitzwater | MDL-1214 In re Great Southern Life Insurance Company Sales Practices Litigation | 17 | 23 |
|  | Sr.J. Barefoot Sanders | MDL-1528 In re Southwestern Life Insurance Co. Sales Practices Litigation | 11 | 11 |
| TXS | D.J. Melinda Harmon | MDL-1422 In re Waste Management, Inc., Securities Litigation | 1 | 6 |
|  | D.J. Melinda Harmon | MDL-1446 In re Enron Corp. Securities, Derivative & "ERISA" Litigation | 117 | 163 |
|  | D.J. Janis Graham Jack | MDL-1553 In re Silica Products Liability Litigation | 87 | 87 |
|  | D.J. Sim Lake | MDL-1096 In re Crown Life Insurance Company Premium Litigation | 2 | 65 |
| UT | D.J. Dale A. Kimball | MDL-1546 In re Medical Waste Services Antitrust Litigation | 8 | 8 |
| WAW | C.J. John C. Coughenour | MDL-1276 In re Air Crash Near Palembang, Indonesia, on December 19, 1997 (No. II) | 1 | 33 |
|  | C.J. John C. Coughenour | MDL-1549 In re Mailblocks, Inc., Patent Litigation | 2 | 2 |
|  | D.J. Marsha J. Pechman | MDL-1418 In re Burlington Northern & Santa Fe Railway Co. Employee Agreements Litigation | 5 | 5 |
|  | D.J. Barbara Jacobs Rothstein | MDL-1407 In re Phenylpropanolamine (PPA) Products Liability Litigation | 1,614 | 1,669 |
| WVS | D.J. Joseph R. Goodwin | MDL-1477 In re Serzone Products Liability Litigation | 134 | 135 |

| District | Judge | Caption | Pending No. | Actions |
|---|---|---|---|---|
| WY | C.J. William F. Downes | MDL-1293 In re Natural Gas Royalties Qui Tam Litigation | 73 | 82 |

# EXHIBIT "J"

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLSA DOLGENCORP, INC. AND
DOLLAR GENERAL CORPORATION

MDL Docket No. _____

## DECLARATION OF GARA PRYOR

I, Gara Pryor, declare as follows:

1.      "My name is Gara Pryor. I am over the age of 21 years, of sound mind and fully competent to testify in this cause. I am the Director of Compensation for Dollar General Corporation. My business address is 100 Mission Ridge, Goodlettsville, Tennessee. I am authorized to make this Declaration on behalf of Dolgencorp, Inc. and Dollar General Corporation. I have never been convicted of a crime and I have personal knowledge that all facts set forth in this Declaration are true and correct.

2.      I attest that the offices of the Dolgencorp, Inc. and Dollar General Corporation are located at 100 Mission Ridge, Goodlettsville, Tennessee, and that documents relevant to the employment and compensation of Dollar General store managers are located in those offices. Moreover, individual Dollar General stores maintain documents related to the hours worked by Dollar General store managers (for example, weekly store schedules).

I declare under penalty of perjury under the laws of the United States and the State of Tennessee

that the foregoing is true and correct and that this Declaration was executed in

_Goodlettsville____, Tennessee on June ___23___, 2004."

_Gara Pryor_____
Gara Pryor

State of Tennessee
County of Davidson

On this the 23rd day of June, 2004, before me personally appeared _Gara Pryor_,
known to me to be the person whose name is subscribed to the within instrument and
acknowledged that she executed the same for the purposes therein contained.  In witness
whereof, I hereunto set my hand an official seal.

_Stephanie D Lewis_____
(signature and seal)

My Commission Expires: SEPTEMBER 24, 2005

**DECLARATION OF GARA PRYOR – Page 2**
DALLIB1/494125.1